## McGrew v. Adams and Elliott.

1. To a writ of certiorari, the justice returned the warrant, &c. and a state-
ment certifying that he had rendered judgment, but not setting out a copy
of the judgment.   It was held, that by going to trial on the merits in the
appellate Court, all irregularity in the justice's return was waived.
2. On an appeal, where issue was joined to the country, though the
sum in controversy be under $20, the judgment will not be reversed, be-
cause the issue was tried by a jury, instead of the court.
3. Where the demand was under $20, when the warrant issued, but is in-
creased to more than that sum by interest during the pendency of the ap-
peal, the issue is properly triable by a jury.
4. This Court will not scrutinize the record in cases of appeal so closely as
in other cases.   Therefore, where the declaration appeared to be as well
against the security in the appeal as against the original debtor; after
verdict, both being in fact liable, the judgment will not be reversed for
that cause.
5. By an agreement, it was consented that the pleadings should be made up
after trial. and a declaration appeared in the record, which was insuffi-
cient.   The Court held, that the agreement cured all defects in the plead-
ings and stood in lieu of a proper issue.

WRIT of error from Marengo County Court.   S. J. El-
liott recovered judgment before a justice of the peace of

Marengo county, against J. McGrew, for $19 60, besides
costs. McGrew, on his petition to the Judge of the Coun-
ty Court, obtained a certiorari to remove the proceedings
into that Court, and Adams became his security in the cer-
tiorari bond. The justice, in obedience to the writ of cer-
tiorari, returned into Court the original summons, a writ
of *fi. fa.* and also a statement under his hand and seal, in
the following words: "The State of Alabama, Marengo
county. The undersigned, a justice of the peace in and
for the county aforesaid, in pursuance of a certiorari to me
directed from the County Court of said county, do here-
with return and send up to the said Court all the papers in
the case of Stephen J. Elliott against John McGrew, toge-
ther with a statement of the proceedings in the said case
before me, to wit: summons issued August 23, 1824, re-
turnable the second Monday of September next thereaf-
ter, and the plaintiff proving his account, and the defen-
dant not appearing, judgment was given for the plaintiff
for nineteen dollars and sixty cents, and costs of suit. Exe-
cution issued 22d January, 1825, and returned no property
found. Alias issued 7th March, 1825, was levied, and
forthcoming bond taken and returned forfeited. Given
under my hand and seal, June 28th, 1825, Shelby Cor-
zine, J. P. [seal."] After several continuances, the cause
came on to be tried at the January term, 1827, of the
County Court, when the following entry appears on the
minutes: "This day came the parties by their attorneys,
and thereupon came a jury, &c. who being elected, &c.
say they find the issues in favor of the plaintiff, that the
said defendant did undertake and promise in manner and
form as the plaintiff in his declaration hath thereof alleged,
and they assess the plaintiff's damages by reason of the
non-performance of his said promises and undertakings, at
the sum of twenty-two dollars and eighty-seven cents,"
on which judgment was rendered for the plaintiff against
McGrew and against Adams, as security in the certiorari
bond.

A diminution of the record being here suggested by
the defendant in error, the following was certified to
this Court from the Court below, in return to a special
certiorari, to wit: "We agree that the statement and
pleadings in the case of Stephen J. Elliott v. John Mc
Grew and Thomas Adams, be made up at any time after
the trial, (signed) J. W. Wilson, attorney for the plain-
tiff, Shelby Corzine, defendants attorney." Also the fol-
lowing statement or declaration, and issue:

"The State of Alabama, Marengo county. In this case, Stephen J. Elliott claims fifty dollars on account of John McGrew and Thomas Adams, which they owe to him, and from him unjustly detain, &c. (signed) John W. Wilson, attorney for plaintiff. Issue joined, (signed) Shelby Corzine, defendants attorney.

McGrew and Adams in this Court assigned various errors, which are noticed in the opinion delivered in the cause.

BARTON & STEWART, for the plaintiff in error.

AIKIN and KELLY, for the defendant.

By JUDGE TAYLOR. The first error assigned in this case, is, that "the Court below erred in proceeding to trial and judgment, before the judgment rendered by the justice of the peace had been brought up by the certiorari."

It appears to be a case brought from a justice of the peace into the County Court, by certiorari. The petition states that a judgment had been rendered against McGrew, the petitioner, in favor of Elliott, by the justice, and for reasons which were deemed sufficient by the Judge of the County Court, he prayed and obtained a writ of certiorari directing the justice to return a complete record of the proceedings before him to the County Court. In conformity with this order, he made a return of the warrant and execution, together with a statement of the time at which judgment was rendered by him, and the sum for which it was rendered. This statement, it is true, does not purport to contain a copy of the judgment, as entered by him on his docket or elsewhere, but it does not require a strained construction to infer that it is such; on the contrary, its precision with respect to dates, sums, &c. forces that conclusion upon the mind. But even if it were not, the petition and bond admit such a judgment, and the defendant, McGrew, who sued out the certiorari, waived every irregularity in the return by going to trial on the papers which were before the Court; and certainly Elliott cannot now be prejudiced by his wrong.

The next assignment which I shall notice, though not the next in the order they are made, is, that "the amount in controversy was not within the cognizance of a jury, and should have been exclusively tried by the Court." I am far from admitting, if this assignment were supported by the record, that it would be error. After a party has

formed an issue to the country, it would be perverting in-
stead of promoting justice, to permit him to reverse a cause
on this ground; and it may often happen that a party
claims more than $20, and the jury would be of opinion
that less than that sum was due. But in this case, the
verdict is for upwards of $22, and although at the time the
warrant was issued, the plaintiff's demand may have been
for a less sum than $20, and interest subsequently accru-
ing may have swelled it above that sum; yet, in my opin-
ion, a jury trial in such case, is the proper one. ˙

The 4th assignment is, that "the plaintiff sued but one
defendant in the Court below, and declared against two in
the Court above."

It appears that the warrant was issued against McGrew
alone; that Adams became his security in the bond which
he gave when he sued out the writ of certiorari, and the
statement or declaration was filed against both. Although
this was irregular, yet it is not considered as a ground on
which the cause can now be reversed. Appeal cases will
never be scrutinized so closely as causes in which a larger
amount is in controversy, and which are commenced in a
Court of record. And in this case no injury can be inflict-
ed upon Adams by this step. He was liable to Elliott, if a
recovery were had against McGrew, his principal, and
the judgment against him would have followed as a matter
of course; and this irregularity would have been cured
by an amendment, if an objection had been made to it be-
low, particularly as the issue is presumed to have been
made up under the direction of the Court. The defendant
cannot be permitted in such a case to lie by, take no ad-
vantage of such a defect in the Court below, and come
into this Court to reverse the judgment.

The rest of the assignments relate to the want of a proper
issue, and other defects in the pleadings.

The statement or declaration, it is conceded, does not
embrace a sufficient ground of action; but from the agree-
ment filed by the parties, it appears that they entered into
an arrangement that the pleadings should be filed after the
trial. It does not certainly appear whether the statement
contained in the record, and the issue thereon, were made
after or before this agreement; but even conceding that it
was after, yet I understand this agreement as amounting
in fact to a waiver of all strictness in pleading, and consi-
der it tantamount to an understanding that the parties shall
try without any pleadings; and that the agreement shall

64

stand on the record in their stead; and this is certainly the more correct decision, when it is remembered that the statute requires the issue to be made up under the direction of the Court, who, the law presumes, would have it correctly done. And when the parties thus agree to do that between themselves, which otherwise it would be the duty of the Court to superintend, it would be highly unjust to permit such an omission as is now insisted on as a cause of reversal, to prejudice either party.

The judgment must be affirmed; and of this opinion is the whole Court.