KEITH *VS*. ESTILL.

1. The statute of limitations is not a good plea, in bar to an action of debt, on a judgment rendered in another State.

Error to Talladega Circuit court.

Debt on judgment—before *Shortridge*, J.

This action was instituted in the court below, by the plaintiff in this court, on the exemplification of the record of a judgment, obtained by the plaintiff against the defendant, in the County court of Franklin, State of Tennessee, in the year eighteen hundred and twenty.

The defendant pleaded,

1. *Nul tiel record;* and

2. The statute of limitations of six years.

Issue was taken on the first plea, and a demurrer filed to the second. The court overruled the demurrer, and the plaintiff failing to plead over, judgment was rendered for the defendant, from which the plaintiff has prosecuted a writ of error.

The error assigned is—The court erred in overruling the demurrer of the plaintiff to the plea of the defendant.

*McClung*, for plaintiff in error.
*Chilton*, contra.

ORMOND, J.—To a correct understanding of the important question presented by this record, and which is for the first time raised in this court, we must refer to our statutes for the limitation of actions. The clause

Keith *vs.* Estill.

supposed to be applicable to this case, is the 68th section of the act regulating judicial proceedings at common law—(Aik. Dig. 270)—and is in these words:

"All actions of trespass *quare clausum fregit;* all actions of trespass, detinue and trover, for taking away of goods and chattels; all actions of debt, founded upon any lending, or *contract without specialty,* or for arrearages of debt due on a parol demise; and all actions of account, and upon the case, except actions for slander, and except, also, such actions as concern the trade of merchandise, between merchant and merchant, their factors or agents,—shall be commenced within six years next after the cause of such action shall have accrued, and not after."

There is no term or description in any of our statutes of limitation, which will meet the case of a judgment of another State, unless it be included in the language of the above recited act, "debt founded upon any contract without specialty." The question, then, appears to be resolved into the enquiry, Is a judgment of another State a *contract,* within the meaning of the act?

It cannot be doubted, that the fairest mode of interpreting a statute, is to construe the language employed by the legislature, according to its usual popular signification, unless the context requires a different mode of interpretation, to give effect to the intention of the lawgiver. Although the word contract may, in its most enlarged sense, include the legal liability arising on a judgment from which the law implies a contract or promise to pay, yet it must be conceded that this is a very recondite and remote sense of the term, and very far removed from its popular signification. But it is conceived that

Keith *vs.* Estill.

the context, so far from requiring such a construction to give effect to the law, manifestly requires that it should be construed in its popular sense. The language is, *all actions of debt founded upon any lending or contract, without specialty;* and is it not manifest, that *lending* and *contract*, are considered in the law as terms of equal import, and clearly indicating the same relative grade of liabilities? Again: the contracts which the legislature were providing for, were by them considered inferior to specialties; yet both in law, and in popular estimation, a judgment of one of the States of the Union, is a debt of higher grade than a specialty.

Where it has been decided, both in England and the United States, that a plea of the statute of limitations, could be pleaded to a foreign judgment, the reasoning has proceeded on the grounds thus: such judgment was merely *prima facie* evidence of a debt. Thus, in Walker **vs.** Wetter, Lord Mansfield said, "the question was brought to a narrow point, for it was admitted, on the part of the defendant, that *indebitatus assumpsit* would have lain; and on the part of the plaintiffs, that the judgment was only *prima facie* evidence of the debt;" that therefore, "the judgment was not a specialty, but only *prima facie* evidence of a debt." So, it was held in the cases of Hubbell vs. Condey, 5 Johnson, 132, and Bissell vs. Hall, 11 Johnson,—that the statute of limitations was a good plea to a suit, on a judgment of another State—and on similar reasoning, but upon a misapprehension of the effect of the judgments of our State, when sought to be enforced in other States, under the constitutional provision, as explained in the case of Mills vs. Duryee, (7 Cranch, 481.)

In Pease vs. Howard, (14 Johnson, 479,) it was held, that the plea of the statute of limitations, could not be made to the judgment of a justice of the peace of that State. The reasoning of the court, in that case, appears to me to be conclusive. Van Ness, Justice, after commenting on the decision of Lord Mansfield, says, "from this, it would seem to follow, that if the judgment had been *conclusive* evidence of the debt, it would have been a specialty, and that, of course, the statute of limitations could not have been a bar." He then proceeds to show, that the judgment of a justice is *conclusive* evidence, and therefore, a specialty. His criticism on the language of the statute, (which is the same as ours, except that the word "lending" is omitted in the New York statute,) is very forcible. "Neither," he says, "is a debt of this description within the words of the statute; and every statute of limitations being in restraint of right, must be construed strictly. It has been held, that debt on indenture reserving rent, is not within the statute, notwithstanding the generality of its terms; and the settled construction of the statute is, that it applies solely to actions of debt founded on contracts in fact, as contradistinguished from those arising by construction of law."

In Hodsden vs. Harnage, (2 Saunders, 65, margin,) it was held, that upon debt on an award, the statute could not be pleaded. So, also, in Jones vs. Pope, (1 Saunders, 36,) which was an action of debt, founded on a statute, it was held, the plea was not good, because a statute is a specialty.

In Wyman vs. Mitchell, (1 Cowan, 320,) it was held, that a judgment obtained in New York, on a judgment

Keith *vs.* Estill.

of the State of Massachusetts, was not within the insol-
vent laws of New York, because the judgment obtained
in Massachusetts, was not a contract; and they held,
that they could look to the foundation of the judgment,
upon an application for the benefit of the insolvent law.
Having attained that conclusion, Sutherland, Justice,
says: "Now a judgment is in no sense a contract or
agreement between the parties—it is only evidence of a
pre-existing duty, obligation or agreement; and the rea-
son upon which the validity of a discharge is sustained,
can have no application to a debt arising upon a judg-
ment obtained subsequent to the passing of the act, where
the agreement which was the foundation of the judg-
ment, was made anterior to the act." In Andrews vs.
Montgomery, (19 Johnson, 192,) the doctrine of the earlier
New York cases was overturned, and it was held, that
assumpsit would not lie on the judgment of another State,
because it was *conclusive* evidence of the debt.

In the case of Richardson vs. Beckely's adm'r, (13 Ser.
& Rawle, 395,) which was an action on a judgment ob-
tained in the island of Barbadoes, the court held, that the
statute of limitations was not a good plea. That was
the case of a foreign judgment, which was founded on a
specialty; and the court appear, in that case, to have
founded their opinion on that circumstance—holding,
that it would be absurd to say, that if the action had
been founded on the specialty, that the statute would
not be a good plea, and that by being matured into a
judgment, which was really a debt of a higher nature,
the plea would be let in. Without adopting the argu-
ment, in its full extent, as it might lead to embarrassing

9 P                          85

questions, where the judgment was founded on a tort, as in slander, or trespass *vi et armis,*—it is certain that the case supposed, would present a strange absurdity.

Be the case as it may, when applied to foreign judgments, (which question is not before us,) it appears very conclusive to me, both on principle and authority, that the statute of limitations is not a good plea to an action of debt of a sister State, when sought to be enforced in this State.

I should be willing to rest the decision on the construction of our statute, as it appears to my mind to be as demonstrable as a proposition of this nature is susceptible of, that the framers of the act, by the word contract, did not contemplate judgments, and that it is a *casus omissus.*

Indeed, the contrary opinion has never any where been supported, but on the ground that a foreign judgment is merely *prima facie* evidence of a debt; but the judgments of our co-States, rendered on service of process, are *conclusive* evidence of the bebt, when sought to be enforced in every other State. The whole argument, therefore, when applied to these judgments, fails.

It appears from the public prints, that the Supreme court of the United States held the plea of the statute of limitations good, when pleaded to a judgment of another State, attempted to be enforced in the State of Georgia. The notice does not disclose the particulars of that case, but on looking into the statutes of the State of Georgia, we perceive that an action founded on a judgment of another State of the Union, is in that State barred in five years; and it is probable that the decision proceeded on that ground. It is, therefore, the opinion of the court,

that there was error in the judgment of the court below, in overruling the demurrer of the plaintiff to the plea of the defendant,—and it is therefore reversed, and the cause remanded.

GOLDTHWAITE, J.—I dissent from the opinion of the majority of the court. In my judgment, the plea interposed, presents a complete bar to the action.