## McCrory v. Smith.

1. On appeal from the judgment of a Justice of the Peace. the trial is had *de novo.* On the merits of the case, it is therefore, error to quash the proceedings for a defect in the warrant.

Error to the County Court of Pickens County.

THE plaintiff in error commenced suit before a justice of the peace, and obtained judgment. This judgment the defendant carried by *certiorari* to the county court of Pickens county, where the warrant of the justice was quashed, because the name of the plaintiff did not appear in the body of the summons. The warrant was endorsed "J. M. McCrory v. D. Smith." The plaintiff filed his statement commencing in these words, "J. M. McCrory, *alias,* James M. McCrory, complains of David Smith."

There are now five other cases like the present, except that

the name of the plaintiff in the warrant is stated to be "J. M. McCrory."

This writ of error is prosecuted from the judgment of the court in quashing the warrant, which is now assigned for error.

COCHRAN, for plaintiff in error.

ORMOND, J.—Without an examination of the question, whether the defects in the warrant of the justice, were such as would in any case have authorized the court, after an appearance, to quash the proceedings—it should not have been done in this case. When a case is carried by appeal or *certiorari* from the Judgment of a justice of the peace, to a superior court, no defence can be made, which does not go to the merits of the case; as the statute requires the proceedings to be had *de novo* according to the equity and justice of the case, without regarding any defect in the warrant or other proceedings. Aik. Dig. 261.

It was, therefore, error in the court to quash the warrant. This point has been decided at this term of the court in the case of Patterson & others v. Grace.

Let the judgment be reversed and the cause remanded.