CREIGHTON, *et als.* v. THE PLANTERS AND MERCHANTS BANK.

1. Where, on motion of the purchaser, at a sale of mortgaged premises, under a decree of foreclosure, a writ of possession is directed by the Chancellor to issue against the person in possession, an appeal from such order, by the tenant, against the purchaser, is the most appropriate remedy; but as such an order is final in its character, a writ of error will lie.

Error to the Chancery Court at Mobile.

THE facts of this case sufficiently appear in the opinion of the Court.

STEWART, for plaintiff in error.
DUNN, contra.

ORMOND, J.—The merits of this case were determined when the cause was here at the last term, by the name of

Creighton *et als.* v. Paine & Paine, but dismissed, because the appeal was not prosecuted against the proper parties. The only difficulty we now feel is, whether a writ of error will lie to such an order as the present.

The bill was filed by Paine & Paine, to foreclose a mortgage, and at the sale, which was ordered of the mortgaged premises, the Planters and Merchants Bank became the purchaser, and on motion of the Bank, the Chancellor directed a writ of possession to issue. This was an order final in its character, and materially affecting the interests of those in possession of the premises, with which the complainant and defendant in the original suit, have no connexion.

The affirmance of the master's report, when no exception is taken, is a matter of course, and is a part of the original proceeding, but when, as in this case, the purchaser becomes an actor by praying the action of the Court in his behalf, against those in possession, it is a new proceeding, for which he is alone responsible. The most proper mode of revising an error in a matter this kind would be by appeal, which must be prayed at the time at which the order is made. This was attempted in this case, but as the appeal was prayed against the complainant, instead of the purchaser, the appeal was dismissed, and if a writ of error will not lie, there can be no redress.

By our statute, appeals and writs of error, appear to be considered as equivalent remedies, and we think we shall most effectually carry out their intention by allowing the writ in this instance.

The proceeding in this case, at the instance of the Planters and Merchants Bank, being wholly irregular, must be reversed.