Winston, et al. v. Majors, et al.

---

## WINSTON, ET AL. v. MAJORS, ET AL.

1. A note promising to pay 193 50-100 dollars, in four instalments of 6, 12, 18 and 24 months, may be put in suit before a justice of the peace, when one instalment only is sued for.

Writ of error to the Circuit Court of De Kalb county.

Winston and the other plaintiffs sued the defendants before a justice of the peace, and after judgment, the latter appealed to the circuit court, where the plaintiffs filed their declaration, setting out that the defendants were indebted to them by a promissory note, dated 27th March, 1843, whereby they acknowledged themselves to be indebted to the plaintiffs in the sum of 193 50-100 dollars, to be paid in four equal instalments: one-fourth in six months; one-fourth in 12 months; one-fonrth. in 18 months; and one-fourth in 24 months—and alleging that the first instalment was due and unpaid, and was alone sought to be recovered.— The defendants pleaded to issue; but when the note was ,produced and read to the jury, the court withdrew the cause from the jury, and dismissed the, suit for want of jurisdiction.     This is now assigned as error.                                        ⟍

T. A. Walker, for the plaintiff in error, insisted that the action was properly instituted, and within the jurisdiction of, the court. The first instalment only was due, and this is less than ·50 dollars.    [Lightfoot v. Bank at Decatur, 2 Ala. Rep. 345.]

Under the circumstances, it was improper to arrest the suit 'from the jury without a verdict.    [Minge v. Curry & Co. 4 Ala Rep. 168.]

GOLDTHWAITE, J.—It is said in the books that assumpsit is the appropriate remedy to recover money promised to be paid in instalments, when the whole debt is not due.    [2 Saund. 303, n. 6.]

It has also been decided, that an action of debt cannot be maintained on a promissory note payable by instalments, until the last day of payment be passed.    [Rudder v. Price, 1 Hen. Black. 547.]    The present case is not open to the technical objection, that the statement of the cause of action is in debt rather than assumpsit, because the suit was commenced before a justice of the peace; and, therefore, in the circuit court, the plaintiff was entitled to recover according to his right.    The instalment of the debt due when the action was commenced, was less than fifty dollars; consequently the justice, and through him the circuit court, had jurisdiction without reference to the form of the state-

ment. But that, if referred to, is as much in assumpsit as debt; and the defendants here pleaded non-assumpsit to it. We consider the action of the court erroneous in arresting the suit from the jury and dismissing it.

Judgment reversed, and cause remanded.