## JONES v. MELTON.

1. A judgment may be pleaded as a set-off, and if larger in amount than the debt sued for, a finding of the issue in favor of the defendant, will extinguish so much of the judgment as is necessary to satisfy the debt.

ERROR to the Circuit Court of Wilcox.

Assumpsit by the plaintiff against the defendant in error. Plea of set-off, consisting of a judgment obtained by the defendant against the plaintiff in the county court of Dallas. Demurrer to the plea, and demurrer sustained by the court, and judgment for plaintiff. The judgment of the court on the demurrer, is now assigned for error.

EDWARDS, for the plaintiff in error—cited 3 Cowen, 133; 8 ib. 126; 3 McCord, 318; 2 Chitty, 475.

GEO. GAYLE, *contra.*

ORMOND, J.—The statute of this State, [Clay's Dig. 338, § 141,] allows a set-off wherever there are mutual debts subsisting between the plaintiff and defendant, and it follows, that if a judgment is a debt, it may be a set-off. That a judgment is a debt, is too clear for argument, but it is supposed, that as our statute requires the jury to certify the sum which the defendant may establish beyond the plaintiff's demand, and for which the court is required to enter judgment in favor of the defendant, that this is

a virtual exclusion of judgments as sets-off, as there might be two judgments for a part of the same debt, in favor of the defendant. The statute permitting a judgment to be entered in favor of the defendant for the excess he may prove to be due him over the plaintiff's demand, does not apply where a judgment is pleaded as a set-off. The judgment is conclusive of the amount due, as well upon the jury as it is upon the parties to it, and it would not, therefore, be competent for the jury to certify any thing in relation to it. A finding upon the issue would extinguish so much of the judgment pleaded as a set-off, as would satisfy the debt sued upon.

The defendant might, it is true, have omitted to plead the judgment as a set-off, and after judgment against him by the plaintiffs, on motion to the court, have set-off one judgment against the other. He was not, however, obliged to pursue this course, which would have subjected him to the costs of the suit, but had the privilege of avoiding the costs by pleading it as a set-off.

Let the judgment be reversed, and the cause remanded.