## LEDBETTER v. CASTLES, ET AL.

1. The act which gives a summary remedy against a justice of the peace, for the failure to pay over on demand any money received or collected by virtue of his office, does not extend to their sureties, so as to authorize a judgment to be rendered against them with their principals on motion : consequently, a motion for judgment in such case, against a justice and, his sureties is unauthorized, and may be denied *in toto*.
2. *Semble.*  Where the amount received by a justice of the peace in virtue of his office, together with the damages given by statute for failing to pay it over, exceed fifty dollars, the circuit court may entertain jurisdiction of a motion against him.
3. Where a judgment effects the proper result, no matter by what erroneous reasoning it may have been induced, it will not be reversed.

Writ of Error to the Circuit Court of Pickens.

THIS was a motion for judgment at the suit of the plaintiff in error against Wm. Castles as a justice of the peace, and his co-defendants as his sureties, in an official bond, for the sum of $32 04, the balance due on a promissory note collected by him in his official character, with ten per cent. damages *per month* from the 28th February, 1842, the day on which a demand was made.   The defendants demurred to the motion, and the court dismissed the same, without costs to either party, upon the ground that it had no jurisdiction of the case.

B. W. HUNTINGTON, for the plaintiff in error, made the following points :

1. By the constitution of Alabama, the jurisdiction of justices of the peace is limited to cases where the amount in controversy does not exceed $50.   [Art. 5, § 10 ; Pruit v. Stuart, 5 Ala. 112.]

2. Where the amount of the judgment to be rendered against the justice exceeds $50, the circuit or county court has jurisdiction by statute.   [Clay's Dig. 362, § 18.]

3. The statute of 1824, against constables, [Clay's Dig. 219, § 88,] is of like character, and gives jurisdiction to the circuit and county courts expressly. It has so been construed by this court, "when the amount *sought to be recovered* exceeds $50." [Johnson v. Petty, 5 Ala. 113.]

COLLIER, C. J.—The act of 1829 provides that if any justice of the peace shall fail or refuse to pay on application any money received or collected by virtue of his office, to the plaintiff, &c. judgment may be entered against him upon motion before any other justice of the peace of the county in which he may reside, for the amount so received by him, with ten per cent. a month damages thereon—three days' previous notice being given of the motion : "*Provided*, the amount of the judgment so rendered shall not exceed $50 ; and in all cases where the amount exceeds that sum, the same remedy shall be had before the county or circuit courts, with damages thereon as aforesaid." [Clay's Dig. 362, § 18.] When this statute was passed, there was no law which required justices of the peace to give bond and security for the performance of their official duties ; but the act of 1839 first made it necessary. Yet neither that nor any subsequent enactment extended the summary remedy against justices, to their sureties ; and certainly there is no principle of construction which warrants its extension by the court.

Although the notice was addressed to the justice and his sureties, yet it was entirely competent to have submitted a motion against the justice alone, but having included all in the motion, the plaintiff gave form to the proceeding, and made that *joint* which might have been either *joint* or *several* at his election. It was competent for the defendants to have demurred to the motion, because it was unauthorized against the sureties, and for this cause the court should have sustained the demurrer. The judgment in its result is proper, though if the court repudiated the case upon the ground that the balance of the money alledged to be in the justice's hands did not exceed $50, when it is obvious that the damages sought to be recovered, if added to the balance would make a sum largely more, the reason is insufficient to sustain its judgment. The damages, like interest, are merely acces-

sorial, and if the default contemplated by the statute is shown, in a proceeding against the justice alone, the plaintiff is entitled to recover them.    The principal, interest and damages, make the aggregate of the plaintiff's demand, and must all be looked to upon a question of jurisdiction.    We have repeatedly held that a judgment proper in itself, will not be reversed, because the court assigns an insufficient reason for its rendition.    The judgment of the circuit court is consequently affirmed.