## CRABTREE et al. vs. CLIATT.

1. When suit is instituted before a justice of the peace on a promissory note the amount of which, with the legal interest thereon accruing up to the rendition of the judgment, exceeds fifty dollars, the justice has no jurisdiction to render judgment for fifty dollars or less, unless the plaintiff enters a credit for the excess or otherwise releases it, before or at the time of the rendition of judgment.

2. The want of jurisdiction apparent on the face of the proceedings before the justice may be pleaded in abatement, or the appellate court may, *ex mero motu*, declare the judgment *coram non judice* and void.

3. The jurisdiction of the justice is to be determined in the appellate court, not by the amount of the recovery, but by the amount legally due or actually claimed at the time judgment was rendered.

4. A judgment against an administrator on a debt contracted by his intestate, is a good off-set in a suit instituted by him on a note payable to himself for the hire of a slave belonging to the estate.

ERROR to the Circuit Court of Macon.

Tried before the Hon. EZEKIEL PICKENS.

This proceeding was commenced by ordinary warrant before a justice of the peace, sued out by the defendant in error against the plaintiffs in error, on a note for the sum of fifty dollars, falling due on the 1st January, 1851. The trial was had, and the judgment rendered on the 16th of August, 1851. The judgment was for $50 and costs, from which an appeal was taken to the Circuit Court. In that court, the defendant pleaded to the jurisdiction of the justice of the peace, and the record states that the plea " is admitted to have been filed in due time and in due form of law ; there was no evidence of any credit or release of any part of said debt specified in said note ; there was of principal and interest due at the trial before the justice of the peace on the 16th August, 1851, the sum of $52 $\frac{23}{100}$." The plaintiff below demurred to such plea, and his demurrer was sustained.

The defendants then pleaded *non assumpsit*, and set off. Under the latter plea they produced evidence conducing to show that the note sued on was given for the hire of a slave belonging to the estate of Cynthia Furlow, deceased, of which Thomas C. Cliatt and F. M. Furlow were administrators; that Lyde was only surety for Crabtree. They then produced, and read in evidence to the jury, the record of a judgment in the Circuit Court of Macon county, at the Spring term, 1851, for the sum of $226 $\frac{66}{100}$, in favor of John Crabtree, the defendant in this suit, against Thomas C. Cliatt and F. M. Furlow, administrators of Cynthia Furlow, deceased. This judgment was rendered on a debt contracted by the intestate in her lifetime.

On this evidence the court charged the jury: "That a

judgment rendered against the administrators, upon a debt contracted by their intestate, could not be allowed as a set off to a note given to the administrators, or either of them, for the hire of a slave of the estate." To this charge the defendants excepted.

The errors here assigned are:

1. The judgment sustaining the demurrer to the plea to the jurisdiction;

2. The charge to the jury.

G. W. GUNN, for plaintiff in error:

The constitution of Alabama limits the jurisdiction of justices of the peace to causes in which the amount in controversy does not exceed fifty dollars. Art. 5, § 10. The statute, to all debts and demands not exceeding fifty dollars for a sum or balance due. Clay's Dig. 358, § 1. Where, therefore, at the time of the commencement of the suit, the plaintiff's demand (as in this case) amounts to the sum of $52 $\frac{2}{100}$ by the addition of interest even, the justice cannot take jurisdiction, unless the plaintiff reduce his demand by credit or release to the sum of fifty dollars. King v. Dougherty, 2 Stew. 487; Baird v. Nichols, 2 Por. 186; Nibbs v. Moody, 5 S. & P. 198.

This view is made more apparent by reference to the act of 1818, (Clay's Dig. 283, § 2,) which provides, that on all contracts, written or verbal, ascertaining the sum due, &c., interest shall be taken, recovered and allowed at the rate of 8 per centum per annum from and after said sum is due and payable. The interest, therefore, being as much a part of the debt as the principal, the court erred in sustaining the demurrer to the plea. Thus the court have said in Ledbetter v. Castles et al., 11 Ala. 150, that the principal, interest, &c., make the aggregate of the plaintiff's demand, and must all be looked to upon a question of jurisdiction. See also Pruitt et al. v. Stewart, 5 Ala. 112. Again, no question could have arisen as to the jurisdiction of the Circuit Court, had the suit been originally instituted therein. If so, no proposition can be more clear than that the two courts have not concurrent jurisdiction. Without a release or credit, then, the justice had no jurisdiction. And then, in courts of limited and

inferior jurisdiction, nothing can be taken by intendment; but the proceedings must show everything essential to the exercise of jurisdiction.

The positions here assumed are not controverted in Cothran et al. v. Weir, 3 Ala. 24, or Rose v. Thompson, 17 ib. 628; in each of which the jurisdiction was admitted by plea to the merits; and the latter of which declares, the defence as to want of jurisdiction would have been available, had the same been presented by plea, as in this case, p. 630; while, in Bentley et al. v. Wright, 3 Ala. Rep. 9, a release of the interest is (in effect) adjudged to be essential to give jurisdiction.

A set off is in the nature of a cross action. The debts being mutual, the same should have been admitted. No good reason can be assigned, in a case free from the influence of our statutes upon the subject of insolvencies, for permitting an administrator to enforce the collection of money, to be paid back to the party from whom the same had been collected. Sound policy would dictate a different course. Suppose that the administrator, while the suit of the plaintiff in error was pending, had sold the estate in his charge upon a long credit. If the set off was not allowed, delay and injury would be the necessary result.—See Pitcher & Reminson v. Patrick's Adm'r, Minor 321; Perrin v. Warren, Adm'r, 3 S. 151; Hall v. Cook, Adm'r, 1 Ala. 629; Godbold & Andress, Adm'rs, v. Robert, Adm'r, 7 Ala. 662. It is true that in Rapier, Adm'r, &c., v. Holland & Bruce, Minor 176, the defence was not admitted, because, 1st. the same was in the nature of unliquidated damages; 2d. because of the insolvency of the estate represented by the plaintiff. The cases being different. the rule there laid down is inapplicable.

CLOPTON & LIGON, contra:

1. When more than fifty dollars is due, a creditor may relinquish all over that amount, and sue for fifty dollars in a justice's court. It is sufficient, if remitted at the trial. King v. Dougherty, 2 Stew. 487; Baird v. Nichol, 2 Por. 86; Nibbs v. Moody, 5 S. & Por. 198; Henderson v. Plumb et al. 18 Ala. 76. On an appeal from a justice of the peace to the Circuit Court, the amount of the recovery before the justice,

and not the amount claimed, must be looked to, to determine the question of jurisdiction. Cothran v. Wier, 3 Ala. 24; Rose v. Thompson, 17 Ala. 630; Bentley v. Wright, 3 Ala. 609. The principal amount of the note was fifty dollars. The interest is accessional, an incident to the debt, and may be waived. Parkhurst v. Spalding, 17 Vermont, 528; Simpson v. Randolph, 1 Scam. 594; Bates v. Bulkley, 2 Gilman, 392. The case of Ledbetter v. Castles (11 Ala. 150) is not inconsistent with this position, but rather sustains it. In that case, the damages were sought to be recovered. In this case before the court, the principal debt only was sought to be recovered; and the recovery before the justice did not exceed fifty dollars.

2. In a suit by an administrator for a debt created since the death of the intestate, the defendant cannot set off a debt due to him from the intestate. Rapier, Adm'r, v. Holland, Minor, 176; Mellen v. Boazman, 13 S. & M. 102; Mills v. Lumpkin, 1 Kelly, 513; Wolfersberger v. Benthen, 10 S. & R. 10; Colby v. Colby, 2 N. H. 419; Fry v. Evans, 8 Wen. 530; 2 Williams on Executors, 1155. The judgment of the Circuit Court was for the sum of fifty dollars with interest from the time the primary judgment was rendered. Pruitt et al. v. Stewart, 5 Ala. 112.

LIGON, J.—By the 10th section, 5th article of the constitution of this State, it is provided: "A competent number of justices of the peace shall be appointed in and for each county, in such mode and for such term of office as the General Assembly may direct. Their jurisdiction in civil cases shall be limited to causes in which the amount in controversy shall not exceed fifty dollars; and in all cases, tried before a justice of the peace, right of appeal shall be secured, under such rules and regulations as may be prescribed by law."

To give practical effect to this clause of our constitution, the legislature, in the year 1819, passed the following act, in addition to the pre-existing laws upon the subject: "In cases of appeals from judgments of justices of the peace, the court before which such appeal shall be brought, shall proceed to try the same according to the justice and equity of the case, without regarding any defect in the warrant, *capias,*
13

summons, or other proceedings of the justice of the peace, before whom the same was tried." Clay's Dig. 315, § 19. It is further provided by law, that appeals on judgments for sums over twenty dollars shall be tried *de novo*, on an issue to be made up at or before the trial. This issue, according to the practice which obtains in the Circuit Court, and which has been repeatedly sanctioned by this court, is formed by the plaintiff's filing a succinct statement of his cause of action, to which the defendant may plead or demur.

Under the act of 1819, this court has frequently held, that, for irregularities occurring before the justice, either in his process or judgment, the appellate court should not quash the proceedings or repudiate the cause. Perry v. Brown, Minor's Rep. 55: McGrew v. Adams & Elliott, 2 Stew. 502; Harrison v. Donelly, 5 Por. 213; McCrary v. Smith. 1 Ala. Rep. 157; Bentley v. Wright, 3 Ala. Rep. 157; White v. Blount and Skelton, at the present term.

It has also been held, that a plaintiff in a cause before a justice of the peace, whose demand, on its face, exceeds his jurisdiction, may, by voluntarily entering a credit, or making a release, either before or at the trial before the justice, reduce his claim to an amount within his jurisdiction, and proceed to judgment before him for the balance. But the credit, or release, must be in good faith, and extinguish, *pro tanto*, the indebtedness of the defendant. King v. Dougherty, 2 Stew. 487; Baird v. Nichol, 2 Por. 86; Nibbs v. Moody, 5 Stew. & Por. 198; Henderson v. Plumb et al. 18 Ala. 76.

If, however, it does not appear, by the proceedings before the justice, that the plaintiff gave such credit, or made such release, and the claim is founded on a promissory note, or other written evidence of debt, the amount of which, with the legal interest thereon accruing, exceeds the jurisdiction of the justice, he will not be allowed to confer jurisdiction on himself by voluntarily casting off the interest, and rendering judgment for $50, or a less sum. Interest, in this State, *is a* necessary portion of the demand due by verbal or written contract, and, by force of our statute, must form a part of the recovery, unless the right to it be abandoned, or forfeited by some act of the plaintiff in the suit. He may abandon it by entering a voluntary credit to the amount of it, or by releas-

ing it in some other way; or he may forfeit it, by refusing to accept the principal when tendered, or by reserving, on a loan of money, a higher rate than 8 per cent. per annum. But until he divests himself of his right to it, either by abandonment or forfeiture, no court is allowed to refuse it to him. Clay's Dig. 283, § 2. Indeed, so jealously does the law guard these rights, that it provides that all partial payments on such demands shall first be applied to the extinguishment of the interest accrued. Clay's Dig. 283, § 1.

It has been further held, both here and elsewhere, that if the want of jurisdiction appears by the judgment, or on the face of the proceedings, the party injured need not be put to his plea to the jurisdiction, but the appellate court will look to it *mero motu,* and declare the judgment *coram non judice,* and void. Wyatt v. Judge et al., 7 Por. 37 ; Weightman v. Karsner, 20 Ala. Rep. 446 ; 3 How. Miss. 34 ; 5 Mon. 261 ; 12 Ver. 595 : 7 Leigh, 63 ; 13 Ver. 175 ; 2 South. 822 ; 1 Binn. 219.

The act of 1819 (Clay's Dig. 315, § 19,) was never designed to cover a want of jurisdiction in the justice of the peace, but it relates alone to irregularities and informalities in the process, proceedings and judgment before him. Neither was it intended to extend his jurisdiction to a sum exceeding fifty dollars, nor can it justify his assuming jurisdiction for a greater amount.

In this case, as is apparent from the record, the note on which the action is founded, with legal interest to the date of the judgment before the justice, exceeded the sum of fifty dollars; and it is admitted that no part of it was either credited, or otherwise released by the plaintiff, before or at the time of the rendition of that judgment. It is then apparent that the plaintiff's claim exceeded the justice's jurisdiction, and this may well be pleaded in abatement, even under the ruling in the extreme case of Bently v. Wright, 3 Ala. Rep. 157.

But it is insisted, on the authority of Cothran et al. v. Weir, 3 Ala. Rep. 24, that the recovery, and not the amount claimed, is to be looked to in order to settle the question of jurisdiction; and as this is the rule, and the judgment in the justice's court was for no more than fifty dollars, the appellate

court, even under the plea in abatement, cannot look behind the judgment for the purpose of ascertaining the amount claimed by the plaintiff, for the purpose of settling the question of jurisdiction. While it is admitted, that both the head note and the language of the opinion in the case referred to fully countenance such a rule, yet I cannot consent that it is the true one, nor do I think the judge delivering that opinion intended so to lay it down. That opinion is couched in very few words, refers to no authority, and asserts a principle which is in direct hostility to many well considered cases which have been adjudged by courts of very high authority. In Vermont, Kentucky and South Carolina the very reverse has been held, and in the two first named States, repeatedly. Weightman v. Carlisle, 12 Ver. 296; 6 ib. 91; Grant v. Tums, 7 Monr. 218; 4 J. J. Marsh. 242; 2 Bailey, 112.

It is also opposed, as I conceive, both to the letter and spirit of our act of Assembly, conferring and regulating the jurisdiction of justices in civil cases, which provides that, "All debts and demands, not exceeding fifty dollars, for a sum or balance due on any specialty, note, bond, &c., are hereby declared to be exclusively cognizable and determinable by a justice of the peace." Clay's Dig. 358, § 1; and to the reasoning of this court in the cases of Nibbs, use, &c, v. Moody, 5 S. & P. 198; Winston et al. v. Majors et al. 6 Ala. Rep. 659, and Ledbetter v. Castles, 11 Ala. Rep. 149.

In the last of these cases, the true rule by which the question of jurisdiction is to be tested, is distinctly laid down. Castles had collected money as a justice of the peace, which he failed to pay over on demand; and the amount so collected, with the interest and damages allowed by the statute, exceeded $50, and a motion was made in the Circuit Court for their recovery. It was held, that the Circuit Court might rightfully take jurisdiction, because, "the principal, interest and damages make the aggregate of the plaintiff's demand, and must be all looked to upon a question of jurisdiction."

The true criterion by which the question of jurisdiction in such cases is to be settled, I apprehend to be, the amount legally due on the note, or the sum actually claimed, and for which a recovery is sought before the justice; and not the recovery before him, as is said in Cothran et al. v. Wier, supra. See Ledbetter v. Castles, supra.

These views lead us to the conclusion that the court erred in sustaining the demurrer to the plea to the jurisdiction.

We would not be understood as overruling the cases of Cothran v. Weir, *supra*, and Rose v. Thompson, 17 Ala., in which the former was cited by this court with approbation. Both those cases were correctly decided on the facts presented by the records. Our only object is, to correct the unguarded expression of Ormond, J., with regard to the jurisdiction, as it is laid down in Cothran et al. v. Weir, and establish the rule as it is laid down in the later case of Ledbetter v. Castles et al., *supra*.

We are also of opinion that the judgment of Crabtree against the estate of the plaintiff's intestate was a good off set. The debts are due in the same right; and notwithstanding the administrator, on a note payable to him as such, is allowed to sue and recover in his own name, yet the recovery when had will be assets in his hands belonging to the estate of his intestate. In such a suit, a demand against him in his individual capacity cannot be pleaded as an off set, (Harbin v. Levi, 6 Ala. Rep. 399;) and to hold that a debt due from the intestate could not be set off in such an action, would be to determine that such claims are subject to no set off whatever which is clearly not the law.

The fact that the claim of Crabtree against the intestate's estate had been reduced to judgment, and that the record shows that when it was obtained there were two administrators, can make no difference, inasmuch as the judgment is *de bonis intestatis*, and the recovery here will be assets of the estate. Jones v. Melton, 6 Ala. Rep. 830.

For these reasons the judgment of the court below must be reversed, and a judgment here rendered in favor of the plaintiff in error, on the plea to the jurisdiction.