## WARING & CO. *vs.* GILBERT & BRO.

1. The motion docket is no part of the records proper of the court ; and if the clerk, in making out a transcript, copies into it entries on the motion docket, which have not been made a part of the record by motion to enroll or by bill of exceptions, they will be stricken out on motion.

2. In an appeal case, the Circuit Court may render judgment for a larger sum than was allowed by the magistrate.

3. A judgment of the Circuit Court, rendered on an award, affirmed on error, because the record did not affirmatively show that the award was obnoxious to the objections urged against it.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. JOHN A. CUTHBERT.

GILBERT & BRO. recovered a judgment against Waring & Co., before a justice of the peace, for $15 60, from which the

defendants appealed to the Circuit Court, where the plaintiffs filed a statement claiming $23, at the return term of the appeal in November, 1850. At the same term an order was made, by consent, referring the case to arbitration, but the names of the arbitrators were left blank. The case seems to have been regularly continued until the Spring term, 1853, when an award was made by three persons, who style themselves arbitrators, reciting that the parties had appeared before them, after having chosen two of their number as arbitrators, and given them power to choose an umpire in case of their disagreement; that they had disagreed, and thereupon they had chosen the third as umpire; that the umpire and one of the arbitrators agreed to the award, which was subsequently subscribed by all of them. The award was in favor of Gilbert & Bro., for $23 45, with costs of suit; and judgment was accordingly rendered against Waring & Co. for that amount, with costs. The judgment entry recites the reference and award, and proceeds : " Came the parties by their attorneys; and said award being read to the court, it is considered," &c. The record does not show that any exceptions were taken to the award, nor that any objection was made to the judgment; but it contains a judgment overruling a motion to set aside the award, which was made after the judgment had been rendered.

Waring & Co. now assign for error, 1st, that the court erred in rendering judgment for a greater sum than that recovered before the justice of the peace; 2d, in rendering judgment on the award ; 3d, that the persons by whom the award was made were never chosen as arbitrators by the parties; 4th, that no authority was ever given to the umpire to act; 5th, that there was no valid order of reference ; 6th, that the court erred in overruling the motion to set aside the award.

A motion was made by the counsel of the appellees, before the cause was argued on the merits, to strike out certain portions of the record, which were transcribed by the clerk from the motion docket; in response to which motion the opinion by the Chief Justice was delivered.

Geo. N. Stewart, for the appellants.
Wm. G. Jones, contra.

CHILTON, C. J.—A motion is made in this case, to strike from the record that portion of it which appears to have been copied from the motion docket by the clerk, and which is a transcript of a motion made by the counsel for the defendants in error to set aside the award which had been made, and stating the reasons upon which it was predicated. Although we see no injury which can result to the plaintiff from its insertion, inasmuch as the motion is fully set out in the entry overruling it, yet, as a matter of practice, it is proper we decide upon it.

The motion docket is no part of the records, properly so called, of the court; and if a motion is spread upon it, which either party desires should be made a part of the record proper, it must be done upon motion to have it enrolled as a matter of record, or by bill of exceptions, which is the usual form. The clerk, in making out the transcript, has no authority to transcribe the entries upon •the motion docket, unless they have in some way been made a part of the record; and if he does copy them into the transcript, this court will order them to be stricken out.

The motion is granted.

LIGON, J.—1. There is no error in that part of the record to which the first assignment relates. We have already held, that, in cases of appeal from the judgments of justices of the peace, the Circuit Court may give judgment for any sum which may be found due on the trial *de novo* required by the statute to be had in such cases, unless the defendant pleads to the jurisdiction.—Vaughan v. Robinson, 20 Ala. Rep. 229; Crabtree v. Cliatt, 22 *ib.* 181. In the absence of such plea, the Circuit Court is considered as acting upon its original jurisdiction, by consent of parties, unless, upon the face of the papers sent up, the want of jurisdiction in the justice is made to appear.—Crabtree v. Cliatt, *supra;* Wyatt v. Judge, 7 Por. 37; Vaughan v. Robinson, *supra.*

2. In relation to the other assignments of error, there is nothing in the record to sustain them. All that appears is, a blank order to refer the case, the award of certain persons claiming to be arbitrators, the judgment of the court in pursuance thereto, rendered without objection, both parties being

in court at the time of its rendition, and a subsequent judg-
ment of the court refusing to set aside the award on the
motion of the defendants. The record gives no *data* upon
which we can say the court erred in overruling the motion to
set aside the award. There is no proof to show that it was
obnoxious to the objections taken to it by the defendants; and
in the absence of such proof, we cannot presume against the
correctness of the judgment. The presumption is in favor of,
and not against, the judgments of the Circuit Courts, and it is
the duty of the party complaining of error to show that it
exists. This is not done here, and it does not appear but
that the court had the fullest parol evidence that the persons
assuming to act as arbitrators had the amplest powers from
the parties so to act; and that they performed their duties
with the strictest propriety, impartiality and fidelity.

Let the judgment be affirmed.