## McMAHAN *vs.* CRABTREE.

[ACTION ON OPEN ACCOUNT—PLEA OF SET-OFF.]

1. *Judgment available as set-off.*—A judgment may be pleaded as a set-off in an action on an open account.
2. *Presumed satisfaction of judgment.*—In a case not governed by the provisions of the Code, a judgment rendered by a justice of the peace is not presumed satisfied until the expiration of twenty years from the time of its rendition.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. E. W. PETTUS.

THIS action was founded on an open account; was commenced in a justice's court, in October, 1851; and was removed by appeal, by the defendant, to the circuit

court. On the trial in that court, the defendant offered in evidence, under the plea of set-off, a judgment in his favor, against the plaintiff, which was rendered by a justice of the peace in 1838. The exclusion of this judgment by the court is now assigned as error.

R. C. BRICKELL, for the appellant.

WALKER, J.—A judgment may be pleaded as a set-off. Jones v. Melton, 6 Ala. 830. The judgment offered as a set-off in this case had been rendered more than ten, but less than twenty years. It cannot be presumed that the judgment has been satisfied, until twenty years from its rendition have elapsed.—Collins v. Boyd, 14 Ala. 505. The statute of limitations to an action of debt has no application to an action on a judgment; debt on a judgment not being one of the actions embraced in the statute.— Clay's Digest, 326, § 78; Keith v. Estill, 9 Porter, 669; Pease v. Howard, 14 Johns. 479.

This case was commenced before the adoption of the Code; consequently, our inquiry is as to the law existing before the Code went into effect.

The judgment of the circuit court is reversed, and the cause remanded.