## BROOKS *vs.* CARTER.

[APPEAL FROM JUSTICE'S COURT.]

1. *Practice in appeal cases.*—Ordinary appeal cases from justices' courts are triable *de novo* in the circuit court; and that court may render judgment, on appeal by the defendant, for a larger amount than was recovered before the justice.

2. *What will discharge surety.*—The failure and refusal of the lessor, when required by the lessee's surety, who was bound jointly with his principal by instrument under seal, to proceed by distress-warrant against the lessee, does not discharge the surety from liability.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Jesse Carter, against R. M. Duncan and A. Brooks, and was commenced in a justice's court. The justice rendered judgment for the plaintiff, for $11 80; and the defendants removed the case, by appeal, to the circuit court. The plaintiff there filed a

complaint, claiming $25 for rent due him by the defend-
ants, under a lease dated the 30th October, 1858.   On the
trial, as the bill of exceptions shows, the plaintiff claimed
a balance of $17, as the amount of rent due him; and
introduced in evidence before the court the written lease,
or writing obligatory specifying the terms of the lease,
which was under seal, and signed by both of the defend-
ants jointly.   "The defendant Brooks then offered to prove,
by parol, that he signed and executed said obligation, not
as a principal, or joint lessee with his co-defendant, but
only as surety for him; that he was recognized by the
plaintiff as a surety for said Duncan; that when the rent
was due, he insisted that a distress-warrant should issue
against said Duncan for the collection of the rent, and
offered to give the necessary bond and security to obtain
it; that the plaintiff refused to bring the suit, and the
justice refused to issue the process, unless the plaintiff
would consent to it, and refused to allow said Brooks to
have it issued.   The plaintiff objected to all this evidence,
on the ground that Brooks was precluded by the lease,
which was under seal, from proving that he was only
surety, and thus contradicting the lease by parol proof.
The court rejected the evidence, and gave judgment for
the plaintiff, for $17, with interest and costs."   The judg-
ment of the court, and its ruling on the evidence, to which
the defendant Brooks excepted, are now assigned as error.

GEO. N. STEWART, for appellant.

P. HAMILTON, contra.

STONE, J.—Appeals from justices' judgments, in ordi-
nary cases, are triable de novo, on the facts, and not on
errors assigned on the record.—Code, § 2369; Hogan v.
Thompson, 2 Porter, 48; McCrary v. Smith, 1 Ala. 157;
Waring v. Gilbert, 25 Ala. 295.   The recovery, even when
the appeal is by the defendant, may be larger than the
judgment before the justice of the peace.—Waring v. Gil-
bert, supra.

[2.] We need not inquire, whether the circuit court
rightly refused to receive evidence that Mr. Brooks stood

in the relation of surety to Mr. Duncan. The only use he proposed to make of that fact, if it existed, was, to base on it a right to have the plaintiff proceed by distress-warrant against Mr. Duncan, his principal. Conceding the facts to be as he contends they are, this would give him no right to force the plaintiff to the specific remedy which he desired.—Branch Bank v. Perdue, 3 Ala. 409 ; Haden v. Brown, 18 Ala. 641 ; Minter v. Branch Bank, 23 Ala. 672.

Judgment affirmed.