## THOMPSON v. PIERCE.

1. A forthcoming bond, conditioned in part that the obligor "shall in all things, stand to and abide by all orders to be made by the justices," &c. is not void for excess; such condition being a mere verbal departure from the statute, and imposing no additional specific obligation.
2. Nor is it essential that such bond shall recite that the justices themselves appointed the time and place, as it is on the application, and for the benefit of the obligor, that it is usually entered into.
3. In the trial of appeals from justice's decisions, the statutes intend only the merits to be investigated; and whenever the Court below should amend upon motion, this Court will consider it as done, if matter sufficient to amend by, appear upon the record.

THE plaintiff brought suit before a justice of the peace, upon a bond entered into by one Nixon, with the defendant and several others as securities, of which the condition was,

Thompson
v.
Pierce.

that "if said Samuel Nixon shall well and truly personally appear before the said James H. Wood and John Thomas, on the 17th day of November next," &c. "and then and there make surrender of his property or effects, for the benefit of his creditors, in such manner as is now provided by the laws of this State, for the relief of insolvent debtors, and shall in all things, stand to and abide by all orders to be made by said justices in relation thereto, then," &c. The bond was assigned on the 8th of November, in the usual form to the plaintiff, by the constable, who afterwards indorsed thereon the following: "I return this bond herewith, forfeited." The justice before whom the suit was brought, gave judgment in favor of the plaintiff; to reverse which, Pierce sued out a writ of *certiorari* from the County Court of Jefferson. On the trial at February term, 1829, of said Court, the defendant craved oyer of the bond, and demurred, and the demurrer was sustained.

The judgment on demurrer of the County Court, is the cause here assigned as error.

Ellis, for the plaintiff in error. The principle involved in this case, renders it somewhat important; it is the validity of the bond to the constable. We contend that it substantially conforms to the statute, and is therefore good. The part objected to is, that the defendant shall stand to and abide all orders, &c. which it is insisted embraces too much. That part of the condition, refers only to such things as are necessary to be done. The act

*a* Laws of Ala
299.

of 1807,*a* requires that the debtor shall render a schedule, and take an oath; those things are necessary, and if applied to this case, the bond is in strict conformity with the law.

*b* 1 Page 479.
*c* Peters' Cir.
Ct. R. 46. 3
Wash. Cir.
Ct. R. 10. 1
Peters' R.
Coxe's Dig.
Hitch. Justice 280.

The Court is bound to presume that the Court below, or justice will impose no condition, but such as is required by law, and hence the condition here requires nothing to be done but what is lawful. There is a case in 1 Bibb,*b* which may reflect some light on this subject; the cases are very similar.*c* The act of 1824, shews that those bonds may be assigned as this has been done.

Peck, for the defendant in error. We contend that in this case, the bond was void for non-compliance with the statute; but there is another point equally fatal with this, and which must affirm the judgment below. The statement contains no substantial cause of action; the bond must be assigned to the plaintiff before the day of forfeit-

ture, and if not within ten days from its forfeiture, it must be returned. The statement must set out the return "forfeited," until which, no proceedings can be had against us, and then only by *scire facias*. Clearly then the statement was defective on this account. But the bond itself is void; it seems granted that if it be not according to the statute, it is so. The justices must make the order fixing the day and place of taking the oath; this is all they can do, no other order could be made; and any condition requiring the maker to do more, is void. The justices might suppose themselves authorized to make other and unlawful orders, and conditions; a mere verbal variance might make a difference. The one under consideration is a substantive addition to the condition. The bond here is more like a bail bond, than those cited by plaintiff's counsel, and any thing in a bail bond, not authorized by statute, renders it void.[a]  A statutory bond without any provision, such as the New York one, would still be void. The case from Kentucky is different; the party was compelled to give his bond before he could be released; this is a very striking difference.

*a* 19 John. R. 233.

The bond does not shew that the time fixed on was appointed by the justices for taking the oath; this the statute requires of them; and it does not appear that the day was fixed by them, or that an application had been made to them. Without this, it is not a good statutory bond, and *scire facias* would lie on it. The obligor is bound to appear on a day of the constable's choosing, and therefore could not be returned forfeited. Even if it were good at common law, it could not be sued on in this way; a remedy is given by the statute against the constable for failing to do his duty, and if it be not pursued as the statute directs, there is no redress in this form of action.

HOPKINS, on same side. The statute provides a summons; that does not shew the forfeiture, and as the forfeiture can only be shewn by the return of the constable, it cannot now be established. The condition of the bond too, requires more than the law does, and is therefore void; the officer must strictly pursue the statute, else he acquires no interest in the bond, and if he has none, he can assign none. But the time must be fixed by the judge or justice, if not, the constable may fix a time when they are absent; the consequence of which would be, that if the parties appeared, they could obtain no discharge, and would be sub-

JANUARY 1831 ject to a second arrest. Suppose the constable appointed no time or place; the bond would be void, and it is equally so when he appoints a time of his own will.

Thompson
v.
Pierce.

The concluding part of the condition, is more extensive than the statute. If the justices make more orders than the law allows, he would be bound by the condition to perform them, and thus might be made to perform many unlawful orders.

ELLIS, in conclusion. It appears the defendants are now apprised, that the main points relied on in the Court below, cannot be sustained; so that others are resorted to. It is contended there is a defect in the statement; if such is the case, the Court would not give final judgment for a mere mispleading, which they do not notice in such cases. It does not appear from the record that the bond was forfeited; the assignment is prior to the date of the appearance, and the statement shews the same fact. The objection then is, that it is not averred to have been in writing, but this is matter of proof. On oyer, it is shewn that it was returned forfeited by the constable, and on oyer, the bond is, and becomes a part of the plaintiff's statement.[a]

*a* Brown v. Adams, 1 Stewart's R. 51.

It is said the day is not properly fixed. The form of the bond was taken from the Alabama Justice, and it is not necessary to shew that the day was fixed by the justices; it was a proper day, nothing appears to the contrary, and such will be the presumption of the Court. But it appears from the summons that the time was fixed by the justices. The case in 19 Johnson, is distinguishable from this; there, there was a substantive and distinct requisition made, and the statute provided that all bonds not taken in conformity with it, should be void. This decision does not conflict with my position. I expected to hear some reasons to shew that the latter part of the condition vitiated the bond, but I heard none. I will admit that in bail bonds, if the condition is larger than the statute requires, it would make them void; but here is nothing substantially different. This case cannot be distinguished from that in Bibb, for that was to do a thing the law did require, though not embraced in the statute providing for the bond. It is indeed surplusage, and nothing else; there is nothing definite in it; the orders referred to, can be construed to relate only to such things as the law requires, and the Court will not strain the presumption, so far as to suppose the justices would make unlawful orders.

By JUDGE TAYLOR. It is insisted by the defendant's counsel, that the bond varies from the statute, and is void for two reasons. 1st. Because it contains a condition not authorized by law, in the following words, viz: "and shall in all things, stand to and abide by all orders to be made by the said James H. Wood and John Thomas, (the justices,) in relation thereto." 2d. Because it is not specified in the bond that the time at, and place on which Nixon was bound to appear to take the oath of insolvency, had been designated by the justices to whom the application had been made. But if this Court should consider the bond sufficient, it is urged that the judgment must be affirmed, because the declaration is defective, in not averring that the bond had been returned forfeited, according to the requisition of the statute.

In support of the position that the bond is void for the reason first assigned, we are referred to 19th Johnson 233. In that case, the sheriff had added to the conditions required by law, to a prison-bounds bond, one in the words following: "that the said A. shall at the request of the said J. L. B. as sheriff aforesaid, surrender himself to the said prison," &c. It was determined that this bond was void. The Chief Justice, Spencer, in delivering the opinion of the Court, says "this is a substantial and material part of the condition. A mere verbal difference, or departure from the provisions of the statute, will not render a bond to the sheriff void; but when there is a substantial variance, as if the sheriff adds to the condition that he shall be kept without damage to the plaintiff, that will make the whole condition void. The sheriff in this case, had no right to require the defendant to surrender himself to prison at his request." In the case cited, there was an express illegal stipulation contained in the bond; when the statute of New York, by virtue of which it was taken, expressly declared every bond void, taken in any other form than the one which it prescribed. It is true we are to understand that the same decision would have been made without that clause in the statute. But there is a wide distinction between that case and this. Here the obligor, Nixon, was "in all things, to stand to and abide by all orders to be made by the justices," &c.; no specific obligation is imposed upon him, and the justices, we are told, are not authorized to make any order. If so, the words have no obligatory effect. Although justices of the peace frequently err, yet we must believe they would not so far

transcend their authority, as to require of Nixon that he should do something after their authority over him had ceased. In the case in 19 Johnson, the sheriff retained a control over the defendant, which the law did not authorize; here no such power is reserved by the officer. This can be considered only as a mere verbal difference, or departure from the statute, and therefore cannot vitiate.

Nor do I think that the second objection to the validity of the bond can be sustained. The statute enacts that the bond shall be conditioned, that he personally appear, &c. "at such time and place as may be designated by two justices of the peace, where such person may make his application." There can be no reason to require that the bond shall recite that the justices have designated the time and place; it could have no possible effect on the party defendant to the execution. It is at his instance that the bond is entered into; he makes the application to the justices, and must have a knowledge of the time fixed on by them; he is aware of the agreement or disagreement of the time specified in the bond with that appointed by the justices, and if the officer were to refuse to insert the proper time, he would become responsible to him. Nor can any person, principal or security, be led into error on this subject. The bond specifies the purposes for which the defendant to the execution is required to appear; in this instance, the act is sufficiently pursued in that respect, and the securities have all the knowledge which is necessary to put them upon their guard, and cause them to see that the principal fulfils the condition of the bond.

I come now to consider the declaration. In cases which are carried from justices of the peace into the Circuit or County Courts by appeal, or *certiorari*, if the amount in controvery exceed twenty dollars, the parties are required to make up an issue, under the direction of the Court. It is true this may be an issue at law, where the parties wish to contest some principle; as in the present case, where the validity of a bond is brought into controversy. But I believe it would be a great departure from the simplicity of practice, intended to be introduced by the statute, to decide such cases upon astute questions. It is intended that merits shall be investigated, and it would be inconsistent with this object, to dispose of the cases upon formal objections. If either party therefore had committed an error in this respect, the Court upon being informed of it, should permit the pleading to be so amended as to do jus-

tice. Whenever the Court below should amend upon motion, this Court will consider the amendment as made. Here it appears by the indorsements set out by the defendant upon oyer, that the bond was duly returned forfeited by the officer. Admitting the omission of this averment was fatal to the declaration, the Court below would have been bound to permit an amendment upon motion, so that the parties might have been enabled to try the cause upon its merits. The indorsement thus set out in the record, shewed sufficient matter to amend by, and this Court will view the declaration as if it had been thus amended. This objection therefore cannot prevail.

The legislature has evinced great solicitude, that suits instituted before justices of the peace, which are always for small amounts, should be freed, as far as practicable, from the rigid requirements of special pleading; and the Court is inclined to second such laudable efforts, by giving such a construction to the statutes, as is best calculated to promote the intention of their framers. We, therefore, in such cases, always feel inclined to discourage technical objections. The judgment is reversed by the unanimous opinion of the Court.

Judgment reversed.