# The South and North Alabama Railroad Company *v.* Elias J. Seale.

*Appeal from the Judgment of a Justice of the Peace.*

1. *A case on an appeal from a judgment of a justice of the peace, is tried de novo.*—On an appeal from the judgment of a justice of the peace the trial is *de novo,* and a motion to vacate the judgment because the service of process does not appear is properly overruled.

2. *Amendable defects in a complaint, not brought to the attention of the Circuit Court will not be considered.*—On an appeal, the defects of the complaint filed in the Circuit Court, and not brought to the attention of the court trying the case, will be disregarded by the Supreme Court, if they were such as could have been amended in the Circuit Court.

3. *It must affirmatively appear that charges refused were in writing.*—Unless it affirmatively appears that the charges refused were in writing, the refusal of them can not be revised on error.

APPEAL from the Circuit Court of Shelby.

[South & North Ala. R. R. Co. v. Seale.]

Tried before the Hon. JOHN HENDERSON.

The plaintiff, Elias J. Seale, brought suit before a justice of the peace in Shelby county, against the South and North Alabama Railroad Company, to recover damages for cattle killed by the corporation. A judgment was rendered against the defendant, and it appealed to the next term of the Circuit Court.

On the trial of the case, the defendant moved to set aside and vacate the judgment rendered by the justice of the peace, on the ground that there "was no evidence of any service of process, or any notice given or served upon the defendant, notifying it of the pendency of the suit before the rendition of the judgment."

The court overruled the motion, and the defendant excepted. The defendant demurred to the complaint, and the demurrer was sustained. The plaintiff amended the complaint, and the defendant pleaded not guilty.

The plaintiff was sworn as a witness in his own behalf, and testified "that he was the owner of the stock described in the complaint; and that the said stock was killed on the evening of the 4th of September, 1876, by a locomotive of the mail train on the South and North Railroad, near Teague's Crossing, about one and a half miles south of Calera, in Shelby county, and that the said ox was worth forty dollars, and the said cow was worth twenty-five dollars. The night on which the cattle were killed was a bright, moonlight night, but he could not tell at what hour the moon rose on that night."

One Busby was introduced by the plaintiff as a witness who corroborated his testimony, and said, "that there had been many cattle killed where the plaintiff's stock was killed. It was at a place known as Mud Cut, and that through said cut, going south, there was *up grade*, and that the stock was killed just after the grade began to ascend in said cut; and that for a half mile above said cut, in the direction of Calera, it is either a slight down grade, or level going in the direction of said cut from Calera."

Another witness was sworn, who also stated that the moon shone brightly on the night on which the ox and cow were killed.

The defendant then introduced one Odena, as a witness, who testified that he was an engineer, "and had been engaged in running a locomotive for more than eight years;" that he was in the employment of the defendant, "and remembered all the circumstances of the killing of the plaintiff's stock.

(40)

That on that evening he left Calera, running a locomotive which carried the mail train over the South and North Alabama Railroad, at thirty-eight minutes after 7 o'clock, going south, and that he had gone not more than a mile and a half below Calera, and that just after he entered the said cut he discovered some cattle on the track, and that so soon as he saw them he applied the *air brakes*, reversed his engine and sounded the cattle alarm in quick and rapid succession, until he struck the cattle with his locomotive, and that at that time the moon was just rising, and that the head-light of the engine was burning, and that the peculiar light given at this time produced a semi-darkness, not strong enough to reflect with full force the head-light of his engine. That it was his business to keep a lookout in front of his engine, and that he did not see the stock until he was within fifty feet of them; but that his failure to see them was not because he was not looking out in front of his engine, but it was on account of the peculiar light aforementioned, and the position of the cattle in the cut, there being a slight curve in the cut, and that he saw them just as soon as it was possible for the stock to have been seen from the position he occupied in his engine, and their location on the road." At the time he saw the cattle he was not running " on full schedule speed," but was running on a down grade, " at a tolerably rapid rate."

Another witness, who was not in the employment of the defendant at the time of the trial, corroborated the testimony of Mr. Odena in every material statement.

The plaintiff requested the court to give the following charge, viz.:

" If the jury believe, from the evidence, that the engineer did not use proper diligence in looking along the road, then they must find for the plaintiff, if the damage was the result of such negligence."

The court gave the charge, and the defendant excepted.

The defendant then asked the court to give the following charges, viz.:

" 1. If the jury believe, from the evidence, that all was done by the engineer Odena, at the time of the killing of the stock, known to skilful engineers to stop the train, then the jury must find for the defendant.

" 2. That, if the jury, from the evidence, are reasonably satisfied in their own mind that all was done by the engineer running the train that killed the stock of plaintiff that could be done to avoid killing them, they must give a verdict for the defendant.

[South & North Ala. R. R. Co. v. Seale.]

" 4. That, if the jury believe all the evidence in this cause, they must find for the defendant."

The court refused to give the foregoing charges, and to such refusal the defendant severally and separately excepted.

RICE, JONES & WILEY, for appellant.

JOHN T. HEFLIN, for appellee.—1. Appeals from justices of the peace are tried *de novo*, and must be tried according to their equity and justice, without regard to any defect in the summons or other proceeding before the justice.—Revised Code, § 2772.

2. In an appeal from the judgment of a justice of the peace, it is not necessary that the parties should make up an issue on paper, when the record recites the parties appeared by attorneys, and the cause was submitted to a jury who returned a verdict. The absence of a statement of a cause of action, plea and issue, furnish no ground for the reversal of the judgment.—7 Ala. 351, 675.

3. The charges requested do not appear, from the bill of exceptions, to have been in writing, and the court, therefore, did not err in its refusal to give them.

BRICKELL, C. J.—There was no error in overruling the motion to vacate the judgment of the justice because of a want of evidence of service of process on the appellant. The only defence allowable in the Circuit Court was to the merits of the case.—*McCrory v. Smith*, 1 Ala. 157; *Patterson v. Grace*, ib. 264. The statement or complaint was certainly demurrable. But if a demurrer had been interposed, its defects could have been cured by amendment. In *Thompson v. Pierce*, 3 Stew. 427, it was decided that in the trial of an appeal from the judgment of a justice of the peace, as the statutes intend that the merits only shall be investigated, this court on error, would disregard defects in the complaint, or statement of the cause of action, which could in the Circuit Court be cured by amendment, if by demurrer or otherwise the attention of the court had been called to them.

It is not shown by the bill of exceptions, that the charges requested were in writing; unless it appears affirmatively, that charges were in writing, a refusal of them is not on error revisable.—*Crosby v. Hutchinson*, 53 Ala. 5; *Hollingsworth v. Chapman*, 54 Ala. 7.

Let the judgment be affirmed.