# Mobile Savings Bank *v.* Fry.

*Trover for Conversion of Cotton Ties.*

1. *Charges ; when part of the record.*—Charges asked by either party and refused by the court become a part of the record, when the presiding judge, on the trial of the cause, writes thereon "refused," and signs his name thereto.

2. *Same ; when the record thereof may be looked to, in aid of bill of exceptions.*—Where the bill of exceptions shows that exceptions were reserved to charges asked by appellant and refused by the court, but fails to show that such charges were moved for in writing, and it is shown by other parts of the record, that charges corresponding to those copied in the bill of exceptions, were asked in writing, and that the presiding judge had severally written "refused" on them and signed his name thereto, the bill of exceptions comes to the aid of such charges and shows that proper exceptions were reserved to the refusal thereof.

3. *Contract af sale ; when title does not pass thereby.*—When in a contract of sale of personal property, any thing necessary to individualize the thing sold, such as weighing, measuring, counting, or separating it from a bulk, is wanting, and the thing sold is, therefore, not suceptible of identification, the title thereto does not pass by the contract to the purchaser, and he can not maintain detinue therefor, or trover for the conversion thereof.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

This was an action of trover brought by the appellee against the appellant, to recover damages for the alleged conversion of 252 bundles of cotton ties, and was commenced on 8th July, 1880. The cause was tried on the plea of not guilty, and the evidence showed that in June or July, 1875, the appellee contracted with one E. G. Cunningham, who was a dealer in, and then had on hand a large supply of, cotton ties, for the purchase from him of 1000 bundles of such ties; that the ties were not then delivered to appellee, but were left with Cunningham, on storage, and afterwards, from time to time, he delivered to appellee all the ties so purchased except 252 bundles, which he had never delivered; that he had paid for said ties; and that the ties were of uniform quality and in bundles of uniform

width. There was also evidence tending to show that the cotton ties so purchased were not, at the time of the purchase, or afterwards, except those which were from time to time delivered as hereinbefore stated, counted, or separated, or set apart from the other ties held or owned by Cunningham. The evidence also showed that Cunningham failed in February, 1876, and that on 21st February, 1876, the president of appellant, learning that Cunningham was in a failing condition, went to him and purchased from him for appellant all the cotton ties he then had on hand, about 400 bundles, and in payment therefor credited him with the price thereof on a debt which he owed appellant; that appellant took possession of the ties under its purchase, and sold them, partly through Cunningham as its agent, and partly through its president; and that at the time of such purchase nothing was said by Cunningham as to his title to the ties or his right to sell them, and the president of appellant did not hear of the appellee's setting up any claim to said ties until a few days before suit was brought. There was also evidence tending to show, that about the time, or just before the failure of Cunningham, the appellee suspected his solvency, and went to his store and, seeing a pile of ties, asked Cunningham if he had the balance of his ties and where they were. Cunningham replied, "Yes, there are your ties," pointing at the same time to a stack or pile of ties then in the store; but appellee did not know how many bundles were in the said pile, but was satisfied that there were more than he claimed.

The appellant asked the court to give to the jury, among others, the following charge: 1. "That if they believe from the evidence, that the ties alleged to be purchased by plaintiff had to be counted, set apart and taken from the bulk of ties owned by Cunningham before his part of them could be identified, and this was not done, then it was not a purchase and sale, but only an agreement to sell and purchase, and the plaintiff acquired no title to the ties in controversy." The court refused to give this charge, and the appellant excepted. The bill of exceptions does not show that this charge was asked for in writing; but this fact is shown by other parts of the record. The jury returned a verdict for the appellee, and the Circuit Court rendered judgment thereon in his favor; and from this judgment this appeal is taken. The refusal of the court to charge the jury at appellant's request, as above noted, is here assigned as error.

OVERALL & BESTOR, for appellant, cited *Halterline v. Rice*, 62 Barb. 593; *Magee v. Billingsley*, 3 Ala. 679; *Screws v. Roach*, 22 Ala. 675; *Browning v. Hamilton*, 42 Ala. 484; *Young v. Austin*, 6 Pick. 280; *Penn. R. R. Co. v. Hughes*,

.59 Penn. St. 521; *Gardiner v. Suydam*, 7 N. Y. 357; Benj. on Sales (2 Am. Ed.), § 346.

WATTS & SONS and COBBS & TOMPKINS, *contra*, cited *Magee v. Billinsly*, 3 Ala. 679; *Graff v. Fitch*, 58 Ill. 373; *Kimberly v. Patchin*, 19 N. Y. 330; *Olyphant v. Baker*, 5 Denio, 379; *Waldron v. Chase*, 37 Maine, 414; *Chapman v. Shepard*, 39 Conn. 413; *McCrae v. Young*, 43 Ala. 625; *Darnell v. Griffin*, 46 Ala. 520; Benj. on Sales, §§ 3, 213, 219; *Abraham v. Carter*, 53 Ala. 10; 22 Ala. 534; Langdell's Select Cases on Sales, p. 701.

STONE. J.—It is contented for appellee that we can not consider the first charge noted in the bill of exceptions as asked and refused, because the record fails to show it was moved for in writing. The corrected record certified in response to a *certiorari*, contains a second copy of the bill of exceptions, and it fails to affirm that the charge was asked in writing. Governed alone by the bill of exceptions, we would presume the charge was refused because not moved for in writing.—*S. & N. R. R. Co. v. Seale*, 59 Ala. 608.

There is an agreed amendment of the record, made to obviate the necessity of a *certiorari*, by which it appears, that charges corresponding to those copied in the bill of exceptions were asked in writing, and the presiding judge wrote on them severally "refused," and signed his name thereto. This constituted them a part of the record, and thus proves that they were asked in writing. The bill of exceptions comes to their aid and shows that a proper exception was reserved to the refusal. The case is thus brought within the statute and our rulings, which require that, to authorize revision, charges moved for and refused must be shown to have been asked in writing. —Code of 1876, § 3109.

When there is a contract of sale of merchandise or chattels, and any thing necessary to individualize the thing sold, such as weighing, measuring, counting, or separating from a bulk, remains to be done, the title does not pass, because the thing sold is not susceptible of identification. A thousand pounds to be weighed from a larger bulk, an hundred bushels to be measured from a crib or heap containing a larger quantity, fifty sheep to be counted from a larger flock, are all examples of executory contracts. In such cases the title has not passed to the purchaser, and he can not maintain the action of trover or detinue. The reason is, the property is not specified, and the alleged purchaser can not know or assert which is his. Benj. on Sales, § 346 and note; *Magee v. Billingsley*, 3 Ala. 679; *Tucker v. Henderson*, 63 Ala. 280.

The first charge asked by defendant fairly postulates a phase

·of the testimony, asserts a correct legal principle, and shoulū ·have been given.

Reversed and remanded.