# Mobile & Birmingham Railroad Co. *v.* Ladd.

*Action for Damages for Killing Ox.*

92  287
96  409

92  287
99  556

92  287
101  231

92  287
124  180

1. *Irrelevant evidence in rebuttal.*—A party can not complain of the admission of irrelevant evidence, in rebuttal of irrelevant evidence introduced by himself.

2. *Almanac as evidence.*—If the time at which the moon rose on a particular night be a matter of judicial knowledge as to which the court, after reference to standard almanacs, should instruct the jury; yet the admission of an almanac as evidence before the jury would not be a reversible error, since the presumption is that the time was therein correctly stated, and that the jury found the fact accordingly.

3. *General charges on the evidence* are properly refused, when there is any conflict in the evidence as to a material fact.

4. *Negligence of railroad engineer; variance.*—In an action to recover damages for injuries to cattle, the only negligence alleged being the failure of the engineer "to reverse the engine, blow the whistle or use the proper diligence and means at his command to avoid the accident," a recovery can not be had on proof of his negligence in failing to keep a proper look-out, whereby he might sooner have discovered the animal on or near the track.

5. *Charges refused; how shown to be in writing.*—When the bill of exceptions does not state that the charges asked and refused were in writing (Code, § 2756), but the charges are copied into the transcript, with the judge's refusal and signature indorsed, this sufficiently shows that they were asked in writing.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by the appellee, John M. Ladd, against the appellant railroad company; and sought to recover damages for the alleged negligent killing of an ox, the property of the plaintiff. An account of the alleged negligence, as contained in the complaint, is set forth in the opinion; as are also the facts attending the accident.

Upon the engineer, who was running the engine at the time of the accident, testifying that it was very dark on the night of the accident, the plaintiff was allowed, against the objection and exception of the defendant, to introduce an almanac to show that it was a moonlight night; and the plaintiff was also allowed to testify, against the objection and exception of the defendant, that on the night, and at the time, of the accident, the moon was shining brightly.

Upon the evidence as adduced, the defendant asked the general affirmative charge in its favor, and also requested the following charge: "The court charges the jury, that no recovery can be had in this case for any failure of the engineer to discover the ox sooner than it was discovered, as shown by the testimony." The court refused to give each of these charges, and the defendant separately excepted to each refusal. There were verdict and judgment for the plaintiff; and the defendant, prosecuting this appeal, assigns the rulings of the court upon the evidence, and upon the charges requested by the defendant, as error.

LeVERT CLARK, for the appellant.—The general affirmative charge in favor of defendant should have been given.—*A. G. S. R. R. Co. v. Raiford,* 76 Ala. 277; *A. G. S. R. R. Co. v. Moody,* 90 Ala. 46. If the defendant, or its employès, without fault or inattention, failed to discover the peril of the ox, until it became so imminent, that no skill or diligence could avert the danger or avoid the accident, this is a perfect defense to this action; and the 2d charge should have been given.—*N. C. & St. L. R. R. Co. v. Hembree,* 85 Ala. 481; *A. G. S. R. R. Co. v. Moody,* 90 Ala. 46.

CLARKES & WEBB, *contra.*—The almanac was properly admitted in evidence.—1 Amer. & Eng. Encyc. of Law, p. 494,.

and authorities cited. The general affirmative charge in favor of defendant was properly refused.—*Sublett v. Hodges*, 88 Ala. 491. The 2d charge requested by defendant was properly refused, because (1) it assumed as proved a fact which was controverted.—82 Ala. 382; 83 Ala. 443. (2) It was a charge on a part of the evidence to the exclusion of other material evidence. 88 Ala. 85; 83 Ala. 40. (3) It was calculated to mislead the jury; (4) it invaded the province of the jury; and (5) the evidence showed the engineer was negligent in not sooner discovering the ox. This court can not consider either of the charges requested by the defendant, because it does not affirmatively appear from the record that said charges, as asked, were in writing.—85 Ala. 600, 77 Ala. 94; 76 Ala. 42; 70 Ala. 491; 53 Ala. 5.

McCLELLAN, J.—Whether the facts that the moon rose before the accident complained of and that it was a full moon were relevant to any issue in the case is an immaterial inquiry on this appeal. They were offered and admitted in rebuttal of evidence adduced by defendant below to the effect that "it was a very dark night." If evidence as to the moon's phase and the hour at which it rose that night was irrelevant, so also was this testimony on the part of defendant; and it is never erroneous to receive irrelevant evidence to rebut evidence of like kind offered by the opposite party.—*Ford v. State*, 71 Ala. 385; *Gandy v. State*, 86 Ala. 20; *Sharp v. Hall, Ib.* 110; *Morgan v. State*, 88 Ala. 223.

2. It may be that the time at which the moon rose on the night in question was a matter of judicial knowledge, and hence that the presiding judge, informing himself by reference to standard almanacs, should have charged the jury as to the fact; but, if the introduction of the almanac before the jury was erroneous, it was without injury to the defendant, since the presumption is that the time of the rising of the moon was correctly stated therein, and that the jury found accordingly. See *Munshower v. State*, 55 Md. 11; *State v. Morris*, 47 Conn. 179; *Sisson v. Railroad Co.*, 14 Mich. 497.

3. The engineer testified that the ox, when first seen by him, was standing about ten yards from the track, but immediately ran upon the track and stopped; that he put on brakes and sounded the cattle-alarm as soon as it got on the track, but it remained standing on the track until struck by the engine and killed—the distance between the engine and the animal when it first got on the track not being sufficient to stop the train by any means known to skillful engineers. *Per contra*, the plaintiff testified that he was within an half mile of

the accident when it occurred; that his attention was directed to the train for the purpose of ascertaining whether it gave a signal indicating that it would stop at a station near by, as he was expecting some one by that train, and that the whistle was not sounded at all.   He further testified that, upon visiting the scene of the accident, he saw tracks, etc., indicating that the ox had run some distance along the track in front of the engine before it was struck, and the injuries inflicted were such as would naturally have resulted from being run down.

It was for the jury to determine whether they would believe the one or the other of these witnesses.   If they believed the facts to be those which plaintiff's testimony tended to support, very clearly they would have been justified in the conclusion that the defendant's employés were negligent in not sounding the cattle-alarm after they saw the animal on, and running along, the track.   The general charge requested for defendant would have deprived them of the right to consider this aspect of the evidence, and to reach this conclusion.   It was manifestly well refused.—*Beard v. Horton*, 86 Ala. 202; *Paden & Co. v. Bellenger & Ralls*, 87 Ala. 575; *Sublett v. Hodges*, 88 Ala. 491.

The negligence counted on is alleged to have consisted in the failure of the engineer "to reverse the engine, blow the whistle, or use the proper diligence and means at his command to avoid the accident."   Manifestly this averment does not predicate negligence of any failure on the part of the engineer to sooner see the animal, but solely of omissions of duty in the handling of his engine after discovery of the ox; the accident, in other words, is not laid as a result of a failure to discover as soon as discovery ought to have been made, but in a failure to act after discovery, whether timely made or not. Upon this state of averment, no recovery could be had on account of the engineer's failure to see the animal before the time it appears from the testimony he did see it—the pleader having undertaken to specify the particular acts of negligence upon which he proposed to rest defendant's liability, he could not rely on or bring to his aid other acts or omissions not so specified.—*A. G. S. R. R. Co. v. Thomas*, 83 Ala. 343.   The second charge requested by the defendant was a sound exposition of this doctrine as applied to the case.   It did not assume any fact to be proved with respect to the time of the discovery of the animal by the engineer, but left that matter to the jury —the time of discovery was hypothesized as such "as was shown by the evidence."   It was not based upon a part of the evidence to the exclusion of other parts bearing on the point, but all the evidence is necessarily referred to the jury

[Highland Avenue & Belt Railroad Co. v. Burt.]

when the fact to be ascertained is made determinable as the same is shown by the testimony. There was evidence as to the time at which the ox was seen; the charge was therefore not abstract. We can not conceive that an instruction like this, denying a right of recovery for negligence not alleged in the complaint, could have misled the jury as to defendant's liability for negligence which is alleged and specified. The charge was free from infirmity of any kind, we think, and should have been given.

The bill of exceptions does not show that the charges requested by defendant were in writing; but following the bill of exceptions are copies of said charges with copies of the presiding judge's refusal to give them written across their faces, and a certificate by the clerk of their filing in his office. This is sufficient to present them for our consideration, and obviates the difficulty arising from the failure of the bill of exceptions to affirm they were in writing.—*Mobile Savings Bank v. Fry*, 69 Ala. 348.

For the error committed in refusing the second charge requested by defendant, the judgment of the Circuit Court is reversed, and the cause remanded.