Daniel, J.
 

 Firsts
 
 the Judge erred, when he stopped Col. White in his relating the contents of the writing, which he had drawn up; and in deciding that he would submit it to the Jury to say, whether the contract spoken of by Gulledge, was the same as that contained in the writing spoken of by White. It was, we think, a question for the Judge to determine, whether they were the same. And he should have let White inform him, (not the Jury,) of the contents of the writing, that he might see whether the contract relative to the said slave was in it. If he had, from such testimony, been satisfied that the contract had been reduced to writing, he should have insisted on the plaintiff’s suffering a nonsuit; and, if he refused, then he should have charged the Jury to give a verdict against him; as he had not produced the best evidence of his case that was in his power. The admissibility of evidence is a question of law, and to be decided by the Court. But the defendant’s counsel consented to the erroneous course of the Court, and cannot now be permitted to take advantage of it, as consent takes away error.
 

 Secondly,
 
 that part of the charge of his Honor, relative to a bailment of the slave to the plaintiff, was immaterial to the
 
 *548
 
 decision of the eausej as there was
 
 no
 
 evidence in the case on that point. And as it did neither benefit to the plaintiff nor hurt to the defendant, it is not a ground for a new trial.
 

 Thirdly, the evidence given by the plaintiff, that the defendant immediately after the trespass, and in the same field where he did the act, made use of abusive language relative to the plaintiff, we think was admissible to shew the
 
 quo animo
 
 the defendant did the trespass; and it was properly left by the Court to the Jury, whether they would or would not give smart money in assessing the damages.
 

 Per Curiam, Judgment affirmed.