## JOHN PUTNEY *vs.* RUFUS LAPHAM.

One of two reversioners may, during the continuance of the particular estate, maintain an action on the case for an injury to the reversion, recovering only a moiety of the damages.

The non-joinder of the other reversioner should be pleaded in abatement, or the only effect of such non-joinder will be to limit the damages.

TRESPASS on the case, for damages to the plaintiff's premises in Lowell, described in the writ. The only plea was the general issue. Referees, to whom the cause was referred under a rule of court, reported that during the time of the alleged trespasses, the plaintiff's wife, Sophia Putney, held a life lease of the premises, which were at the time in the occupation of certain tenants at will, and that the plaintiff and one Margaret Putney were tenants in common of the reversion That the plaintiff had the general charge of the premises, and collected the rents, and that the defendant, in digging a cellar for his own house on an adjoining lot, excavated so near the dividing line of the two estates that a small quantity of dirt and gravel slid off from the plaintiff's premises into the defendant's cellar, which was the injury complained of.

Putney *v.* Lapham.

They further reported that " if the plaintiff could maintain an action of trespass upon these facts, without joining his co-tenant of the reversion, he should recover one dollar damages; otherwise judgment for the defendant."

In the court of common pleas, *Mellen,* J. ruled that the plaintiff could recover, and ordered judgment for him on the report, to which ruling the defendant excepted.

*J. G. Abbott,* for the defendant.

1. The plaintiff being a mere reversioner, and the premises described in the writ being in the occupation and possession of tenants at will, at the time of the committing of the alleged wrongful acts by the defendant, and the injuries proved before the referees not affecting the reversion, the plaintiff cannot sustain an action on the facts reported by the referees. *French* v. *Fuller,* 23 Pick. 104; *Little* v. *Palister,* 3 Greenl. 6; *Davis* v. *Jewett,* 13 N. Hamp. 88.

2. Even if the plaintiff could, on the facts reported by the referees, sustain an action, in his own name alone, for an injury to his reversionary interest in the estate, his declaration should have stated what his interest or estate was, " for it is an established rule in pleading that the plaintiff's right or interest in the property should be stated according to the facts." *Davis* v. *Jewett,* 13 N. Hamp. 88, is directly in point.

3. There is no injury proved to the fee, it is merely an injury to the present possession, for which the tenants at will could maintain an action for being disturbed in their occupancy of the premises.

4. If the plaintiff claims to sustain his action on his reversionary right, it most certainly cannot be supported on that ground, by reason of the non-joinder of the other reversioner, for this court have stated it, " to be well settled by authority, that where a damage is done to the common property, by a stranger, all the tenants in common must join." *May* v. *Parker,* 12 Pick. 34; *Gilmore* v. *Wilbur,* 12 Pick. 120; *Merrill* v. *Inhabitants of Berkshire,* 11 Pick. 269; *Daniels* v. *Daniels,* 7 Mass. 135; *Austin* v. *Hall,* 13 Johns. 286; *Decker* v *Livingston,* 15 Johns. 479.

*B. F. Butler,* for the plaintiff.

20*

METCALF, J.   Upon examining the papers in this case, we find that the action submitted to the referees was an action of trespass on the case, and not trespass *vi et armis*.   This fact renders the award obscure.   But we understand it, as the parties have construed it in their arguments, namely, to be an award that the plaintiff shall recover one dollar, if, on the facts found by the referees, *the action which was submitted to them* can be maintained.   And the decision of this question depends on two other questions.   The first is, whether a reversioner, during the continuance of the particular estate, can maintain an action of trespass on the case for an injury done to the reversion.   And the law is clear that he can.   *Thomlinson* v. *Brown,* Sayer, 215; *Jesser* v. *Gifford,* 4 Bur. 2141; *Kidgill* v. *Moor,* 9 Common Bench Rep. 364; Woolrych on Window Lights, 67–69.

The second question is, whether one of two reversioners can maintain such action without joining the other in the suit. And the law is equally clear that in an action of tort, one of two persons jointly injured may alone maintain an action for the injury, unless the non-joinder of the other is pleaded in abatement; and that, under the general issue, evidence of such non-joinder will not defeat the action, but will merely restrict the plaintiff to a recovery of a moiety of the damage.   Gould Pl. *c.* 5, §§ 111, 112; *Thompson* v. *Hoskins,* 11 Mass. 419; *Call* v. *Buttrick,* 4 Cush. 345.   In the present instance, the papers show that the defendant pleaded the general issue in the court of common pleas, before the case was submitted to referees.

We understand that the referees have found that the plaintiff has sustained one dollar damage to his reversion, by the acts proved before them to have been done by the defendant.

*Exceptions overruled.*