Pearsoh, C. J.
 

 The
 
 special instructions
 
 upon the question of boundaiy, and also in reference to the damages asked for by the defendant, are not set out, and, consequently, this Court is unable to say there w'as error in refusing to give them.
 

 The general instruction “to run a straight line from Town Swamp, through the swash to Coniot Swamp,” is, of course, to be understood to mean the shortest line through the Swash that would strike the swamp; and although this leaves the question of boundary still open, (inasmuch as the fact, whether Coniot Swamp extended to Coniot Creek, or stopped some distance before reaching it, at the point indicated on the map, was not put to the jury in such a manner as to make it appear, from the verdict, how it was found,) still the statement of the case does not show any error of which the defendant has a right to complain.
 

 Assuming that the plaintiff’s title covered the
 
 locus in quo,
 
 his Honor held he was entitled to recover the
 
 full value of the trees
 
 cut and taken off by the defendant.
 

 The act of 1824, by which the long terms for years created by the Tusearora Indians, are, for certain purposes, made real estate, is confined, in its operation, to “ the terms” and to the persons by whom they are held; and has no operation or
 
 *213
 
 effect upon the reversions ■which are expectant upon the terra : so the matter may be simplified, and the question is this : A has an estate
 
 pur autre me
 
 in possession, in a term for 99 years, B has an estate in remainder for the residue of the term, after the death of the
 
 eestui que vie;
 
 and A has an estate in reversion, after the expiration of the term, (the intermediate estate of B preventing a merger,) a stranger enters and cuts down eypress trees, makes them into shingles, and takes them off. Is A, in an action of trespass
 
 quare
 
 elausum, entitled to recover the full value of the trees?
 

 If there be tenant for years or for life, and a stranger cuts down a tree, the particular tenant may bring trespass, and recover damages for breaking his close, treading down his grass, and the like. But the remainderman, or reversioner in fee, is
 
 entitled to the
 
 tree, and if it be converted, may bring trover and recover its value. The reason is, the tree constituted a part of the land, its severance was waste, which is an injury to the inheritance, consequently the party in whom is vested the first estate of inheritance, whether in fee simple or fee tail, (for it may last always,) is entitled to the tree, as well after it is severed, as before; his right of property not being lost by the wrongful acts of severance by which it is converted into a personal chattel.
 

 Such remainderman or reversioner has his election either to bring trover for the value of the tree after it is cut, or an action on the case in the mature of waste, in which, besides the value of the tree considered as timber, he may recover damages for any injury to the inheritance which is consequent upon the destruction of the tree.
 
 Williams
 
 v.
 
 Lanier,
 
 Busbee 30. Im the instance of a cypress tree, the damages over and above the value of the timber of the tree cut in a swash, may be only nominal. But take an ornamental shade tree for the instance, and the difference between its value as timber, and the additional injuiy to the inheritance by its destruction ss great; indeed, it is so much as to call into application the preventive jurisdiction of equity against irreparable damage. If there be an intermediate estate in remainder for life or
 
 *214
 
 years, the owner thereof may also bring an action on the case for the injury done to his estate, for, although it may never be enjoyed in possession, still its value may be affected by a destruction of something which constitutes a part of tire land, and if disposed to sell, he would not be able to get as good a price for it. The remedy which is given to an intermediate tenant in remainder for life or years, by the introdaction of of the action on the case in the nature of waste, is one of its advantages over “ the action of waste which it has superseded,”
 
 2
 
 Sanders Uses, 252 at note 7. For the sake of illustration, suppose, in such a case, a stranger enters and pulls doAvn a house on the land, and carries away the materials ; the tenant for life or years in possession may bring trespass, and recover damages for breaking his close, and for the injury clone by depriving him of the use of the house during the continuation of his estate; the intermediate remainder-man may bring case and recover damages for the depreciation in the value of his estate, caused lyy the destruction of the house, Avhereby his estate would sell for less, and the use of the land, should it come into possession, Avould be of less value for the Avant of the house; and the remainderman in fee may bring case and recover the value of the materials of the house, and also additional damages for the injury to the inheritance caused by its destruction, or he might bring trover and recover the value of the materials.
 

 Assuming these positions of law, Mr. Winston argued that the plaintiff, although lie AA'as the owner of the first estate, and also of the remainder in fee, Aims not entitled to recover the
 
 entire damage
 
 caused by the wrongful act of the defendant, inasmuch as the intermediate remainderman ivas entitled to recover
 
 some part of
 
 it, hoAvever small it might be. The fallacy of the argument, as applied to our case, lies in not distinguishing betiveen the entire damage resulting from the act, and the
 
 full value of the
 
 trees, considered merely as timber. The latter is not at all affected by the fact of their being an intermediate estate ; for if the remainderman in fee is content to take the value of the trees as timber, whether
 
 *215
 
 tliey be cypress or ornamental shade trees, or the mere value of the materials of the house, he is certainly entitled to the full value thereof, and could recover it in trover.
 

 Another question is presented by the case, and we have considered of it, although it was not made on the argument. The plaintiff, as owner of the first estate, may maintain trespass for breaking his close, and as owner of the fee, he may maintain case or trover for the value of the timber. Is it necessary for him to bring two actions, or can he recover the value of the timber under a
 
 per quod
 
 in the action of trespass ? Tiie law seeks to avoid a multiplicity of suits, and we are of opinion that he may recover all the damage in the one action, by means of a
 
 per quod;
 
 because it all results from one wrongful act, and the commission of the tort in fact constituted the main part of the
 
 res gestee.
 
 The
 
 per quod
 
 was invented to save the necessity of two actions. In
 
 Scott
 
 v.
 
 Shepherd,
 
 2 Blackstone’s Rep. 897, it is said, “ every action of trespass, with a
 
 per quod,
 
 includes an action on the case.” In trespass, damages for all ulterior injuries beyond the immediate injury, may be recovered under a
 
 per quod,
 
 Chitty’s Plead. 442, and the most usual action for seduction is trespass, Q. C. F., with a
 
 per quod;
 
 so damages for the loss of hogs that escaped because a fence was let down,-may be recovered in trespass, Q. C. F.;
 
 Welch
 
 v.
 
 Piercy,
 
 7 Ire. Rep., 365, see Sedgwick on damages, 135, where the cases are collected. So damages for the loss of an eye, resulting from a cold contracted by exposure caused by tearing off the roof of a house, may be recovered in trespass, Q. C. F.;
 
 Hatchell
 
 v.
 
 Kimbrough,
 
 4 Jones’ Rep. 164.
 

 In this discussion, we have put cypress trees on the same footing with shade and fruit trees, and buildings, in respect to the relative rights of particular tenants and remaindermen. It may be, there is a difference where the trees grow in a
 
 swash,
 
 which is fit for nothing but its timber, for in such case, unless the tenant is allowed to “ work up” a reasonable number of the trees, he can have no benefit of his estate. A ten
 
 *216
 
 ant, by the courtesy or dower, is allowed to work mines that have been opened.
 

 "We will not enter upon this subject, as its consideration is not necessary for our decision, and it was not alluded to on the argument, and the facts are not stated in reference to it. It is suggested merely to prevent misapprehension and exclude a conclusion.
 

 Pee Oueiam, Judgment affirmed.