# Fry *v.* Mobile Savings Bank.

### *Trover for Conversion of Cotton Ties.*

1. *When contract of sale executory, not passing title.*—A contract for the sale of a designated number of bundles of cotton ties, which were never delivered, separated from the bulk, or set apart for the purchaser, or otherwise distinguished or pointed out as the particular bundles sold, is executory, and does not pass the title to the purchaser.

2. *Executory contract of sale of chattels; right of action against subsequent purchaser.*—The party contracting to purchase, in such case, having no title to the ties, legal or equitable, has no cause of action against a subsequent purchaser who has taken possession.

3. *When rulings in court below will not be reviewed on appeal.*—When a plaintiff, under the uncontroverted facts of the case, can never recover, on appeal by him, this court will not inquire as to the rulings of the primary court rejecting testimony and refusing charges requested by him.

APPEAL from Mobile Circuit Court.

Tried before Hon. WM. E. CLARKE.

As originally brought, this was an action of trover by the appellant against the appellee for the alleged conversion of 252 bundles of cotton ties. After the remandment of the cause on former appeal (*Mobile Savings Bank v. Fry*, 69 Ala. 348), a count in case was added, the nature of which is sufficiently indicated in the opinion. The court having overruled a demurrer interposed to this count, pleas were filed thereto, putting in issue the plaintiff's title to the ties sued for. The trial resulted in a verdict and judgment for the defendant.

As the evidence showed, the plaintiff, in 1875, contracted with one Cunningham for the purchase of 1000 bundles of cotton ties, which were in bulk with other ties of like quality, and bound in bundles of like character and size, and subsequently paid him therefor. These ties were not then delivered to the plaintiff, but were left on storage with Cunningham; and afterwards the latter delivered to the plaintiff, from time to time, all the ties so purchased except 252 bundles, which have never been delivered. Neither at the time the contract was made, nor afterwards, were the ties so purchased (except those which were from time to time delivered as above stated) counted, or separated, or set apart, or otherwise distinguished from the other ties held or owned by Cunningham. In February, 1876, the defendant purchased from Cunningham, and caused to be sold all the ties the latter then had on hand, about 400 bundles. At the time of this purchase, the balance of the

ties which Cunningham had contracted to sell plaintiff, 212 bundles, were not separated or otherwise distinguished from the balance of the ties then on hand. For a fuller statement of the facts of the case, see report on former appeal.

The court charged the jury, at the defendant's written request, that if they believed the evidence, they must find for the defendant, and refused several charges requested by the plaintiff; and to these rulings, and to rulings on the admissibility of evidence, the plaintiff duly excepted, and here assigns the same as error.

JAMES COBBS and WATTS & SON, for appellant.

OVERALL & BESTOR, contra.

STONE, J.—There can be no question, under the testimony most favorable to appellants, that the contract by which Fry & Co. purchased one thousand bundles of cotton ties from Cunningham, was executory. The testimony of Fry and Cunningham prove that, in unmistakable terms. Save as they were delivered, on Fry's order, in part performance of the contract, they never were delivered, or separated from the bulk, or set apart for Fry. Even when the savings bank, through its president, made the purchase, the two hundred and fifty-two bundles, constituting the unpaid balance due Fry, lay undistinguished in a mass or bulk of four hundred bundles, and no one could have distinguished, or pointed out any particular bundles as belonging to Fry. The title to the undelivered ties never vested in Fry.—*Mobile Savings Bank v. Fry*, 69 Ala. 348.

After this cause returned to the circuit court, the complaint was amended by adding a count in case. *Rees v. Coats*, 65 Ala. 257, is relied on in support of this form of recovery. In that case Coats, the plaintiff, proved that he had a contract lien, or equitable, verbal mortgage, on the cotton alleged to have been converted by Rees. Having a *jus in re*—an interest in the thing itself—and that interest being equitable, we held that an action on the case lay for its conversion. This case is different. Fry's claim, if claim he have, is purely legal. If he acquired any title to the property, he acquired the whole title—a legal title. There is not an element of equitable title in it. He has a right of action against Cunningham, not for the ties; for he never acquired any title to them; his action is *ex contractu*, for non-compliance by Cunningham with his promise to deliver.—*Mobile Life Insurance Co. v. Randall*, 74 Ala. 170. He has no cause of action against the Mobile Savings Bank.

Having ascertained that under the uncontroverted facts of

[Meyer Bros. v. Mitchell.]

this case the plaintiff never can recover, we need not inquire as to the several rulings . rejecting testimony, and refusing charges requested. Even if there was error in such rulings, which we do not decide, it did not and could not injure plaintiff. 1 Brick. Dig. 780, §§ 96, 97, 98.

Affirmed.