N. T. RIDLEY v. SEABOARD & ROANOKE RAILROAD CO.

(Decided February 21, 1899).

DEFENDANT'S APPEAL.

*Damages—Act of 1895, Chap. 224—Statute of Limitations.*

1. Previous to the Act of 1895, chapter 224, damages, both present and prospective, caused by the construction of a railroad, could be assessed on the demand of either party—and it might be done by a single issue covering both, or by two separate issues. Same case, 118 N. C., 996.

2. Prior to that Act, three years was the statutory limitation to such actions for recovery of damages to crops—but an action for permanent damages could only have been defeated by showing 20 years' continuous occupation with acquiescence.

3. In actions brought in cases of this kind, since the passage of said Act, only permanent damages, i. e. damages once for all, can be recovered; and such actions are barred by the lapse of five years.

CIVIL ACTION to recover damages for alleged injury to the land and crops of plaintiff, caused by ponding of water by defendant's road-bed and bridge, tried before *Norwood, J.,* at Fall Term, 1898, of NORTHAMPTON Superior Court. Defence: General denial and statute of limitations.

DEFENDANT'S APPEAL.

It was admitted in open Court:

1. That this action was begun on March 26, 1892.

2. That the bridge and embankments were completed in 1887.

3. That the first injury alleged to be sustained by the

plaintiff occurred in May or June, 1888, caused, as the plaintiff contends, by bridge and embankments, when one-fourth of his crop was destroyed by backwater. Again he lost one-half of his crop in 1889, caused, as the plaintiff contends, by water being backed upon his land by bridge and embankment; one-third of his crop lost from the same cause in 1890, and one-fourth lost in 1891 from the same cause.

These admissions were reduced to writing and signed by both plaintiff's and defendant's counsel. Upon the trial, the defendant asked the Court to instruct the jury, that upon the facts agreed in this case they should find that the plaintiff's cause of action was barred by the statute of limitations.

His Honor declined, and defendant excepted.

The defendant objected in apt time to the submission of the issue relating to the injury sustained by the overflow of 1889, 1890 and 1891, because the action was for permanent damages and said issue was irrelevant.

Objection overruled, and defendant excepted.

The jury found in response to the issues:

1. That the defendant had negligently ponded water back upon plaintiff's land, as described in the complaint.

2. That the damage sustained by plaintiff by the overflow of 1889, 1890 and 1891 was $300.

3. That the difference in the value of the land now and what would have been its value if the railroad had been skillfully constructed was $500.

4. That the bridges and embankments were permanent structures.

5. That the damage to the land was permanent.

6. That the plaintiff's cause of action was not barred by the statute of limitations.

His Honor rendered judgment in favor of plaintiff for $500.

Defendant appealed.

*Messrs. McRae & Day,* for defendant (appellant).

*Messrs. Winborne & Lawrence,* and *R. B. Peebles,* for plaintiff.

CLARK, J. The Court submitted issues both as to the damages to the crops for three years preceding the beginning of the action, and as to permanent damages, i. e. damages to the *corpus.* The recovery of these last will, of course, be a bar to future actions for injury to the crops. The defendant excepted to the submission of an issue as to past damages. The identical point was presented and decided in this same case on a former appeal (118 N. C., 996,), where it is said, (p. 1009) "And either party . . . . may demand that both present and prospective damage may be assessed." This might be done by a single issue covering both, or by two separate issues, as in this case.

The defendant further excepted that the Court did not sustain the plea of the statute of limitations. The Court below properly admitted proof of damages to crops for three years prior to action brought, and the action as to permanent damages could only have been defeated by showing twenty years' continuous ocupation, with acquiescence. *Parker v. Railroad,* 119 N. C., 677.

Since the Acts of 1895, chapter 224, in all actions brought in cases of this kind, only permanent damages, i. e. damages once for all, can be recovered, and such actions are barred by the lapse of five years; but that statute can not apply to an action like the present, which was brought before the ratification of the statute *(Nichols v. Railroad,* 120 N. C., 495;

*Harrell v. Railroad,* 122 N. C., 822,), or in a reasonable time thereafter. *Culbreth v. Downing,* 121 N. C., 205.

No error.