CHERRY v. CANAL CO.

(Filed February 27, 1906).

*Trespass — Remainderman — Parties — Harmless Error — Statute of Limitations—Permanent Damages.*

1. Where there has been a trespass committed on real property, causing permanent damage which impairs the value of the inheritance, the owner of the remainder or the reversion can maintain an action for the wrong done to his estate and interest.

2. The defendant having entered a general denial, any defect of parties which may have existed is waived; and if permanent damage is shown impairing the value of the inheritance, the plaintiff, as owner of two thirds of the reversion after the life estate, has a right of action for the full amount of damage done to his two-thirds interest in the property.

3. Where it is clear that the plaintiff's cause of action is barred by the statute of limitations, which is properly pleaded, an error as to permanent damage, if any was committed, is harmless and the judgment of nonsuit will not be disturbed.

4. In an action brought in 1903 to recover permanent damages caused by the negligent widening of defendant's canal, where it appeared that the entire wrong was done in 1898 and 1899, the action was barred under Rev., sec. 395, sub-sec. 3.

5. Rev., sec. 394 (chapter 224, Laws 1895), which establishes the period of limitation as to permanent damages at five years, applies only to actions against railroad companies.

CHERRY v. CANAL CO.

ACTION by W. A. Cherry against Lake Drummond Canal & Water Co., heard by *Judge T. J. Shaw* and a jury, at the September Term, 1905, of the Superior Court of CAMDEN.

Plaintiff, owning two-thirds of the reversionary interest in fee, after the life of Mrs. Kate Cherry, in the house and lot abutting on the canal of defendant, brought this action, alleging that defendant, in widening and deepening its canal, in the years 1898 and 1899, had wrongfully and negligently thrown sand and dirt upon and around the said house and lot, causing great and permanent damages to the same. Neither the life tenant, Mrs. Kate Cherry, nor the owner of the other third of the reversion were parties, and the action was brought to recover permanent damage to plaintiff's interest in the property.

Defendant denied that it had wronged or injured plaintiff or his interest and pleaded the statute of limitations in bar of plaintiff's demand.

There was evidence of plaintiff tending to show that in the years 1898 and 1899 the defendant company, a corporation for constructing and operating a canal in North Carolina and Virginia, had widened and deepened its canal and in so doing had thrown sand and mud on the plaintiff's premises and so embanked it upon and around the house, situated thereon, that when it rained the said house was virtually in a mud hole, and by reason of said wrong and injury the premises had become almost valueless, the house being unrentable and uninhabitable, and the damage thereto was from $1,200 to $1,500; that the alleged wrong was done by the defendant in 1898 and 1899. There was evidence of the defendant tending to show that the damage was not so great in amount as the plaintiff claimed, and also to the effect that the embankment of sand and mud which caused the injury could be removed.

On the pleadings there were four issues framed for submission to the jury as follows: 1. Is the plaintiff the owner

of the land described as alleged? 2. Did the defendant wrongfully and unlawfully injure the plaintiff's land as alleged? 3. If so, what permanent damage to the land has the plaintiff sustained? 4. Is the plaintiff's cause of action barred by the statute of limitations?

At the close of the testimony the court intimated that it would charge the jury that, upon all the evidence, if believed, they should answer the first issue "yes, two undivided thirds subject to the life estate;" the second issue "yes," and the third issue "nothing." The plaintiff excepted and upon this intimation submitted to a nonsuit and appealed.

*Aydlett & Ehringhaus* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd* for the defendant.

HOKE, J., after stating the case: It has been settled by several decisions of this court that the facts disclosed in the foregoing testimony amount to an actionable wrong on the part of the defendant company towards the owner of the injured property. *Mullen v. Canal Co.,* 130 N. C., 496; *Pinnix v. Canal Co.,* 132 N. C., 124. And the same authorities declare that when the damage is of a permanent character, recovery may be had in one action for the entire wrong. *Mullen v. Canal Co., supra,* at page 505. It is also an established principle that where there has been a trespass committed on real property, causing permanent damage which impairs the value of the inheritance, the owner of the remainder or the reversion can maintain an action for the wrong done to his estate and interest. He could not maintain the technical action of trespass, because, as said in *Latham v. Lumber Co.,* 139 N. C., 9, he has neither the possession nor the right thereto; but he could maintain an action of trespass on the case if the wrong was done by a stranger, and of waste or action in the nature of waste if

done by the owner of a particular estate. 28 Am. & Eng. Enc. (2 Ed.), 575 and 622; *Burnett v. Thompson,* 51 N. C., 210.

Ordinarily, when the remainder or reversion is held by co-owners, the alleged wrongdoer might by demurrer require that all persons so interested should be joined. But in this case, the defendant having entered a general denial, any defect of parties which may have existed is waived; and if permanent damage is shown impairing the value of the inheritance, the plaintiff, as owner of two-thirds of the reversion after the life estate of Mrs. Kate Cherry, has a right of action for the full amount of damage done to his two-thirds interest in the property. *Burnett v. Thompson, supra; Putney v. Lapham,* 64 Mass., 232; *Thompson v. Hoskins,* 11 Mass., 419. The action then is well brought so far as the parties in interest are concerned.

The court is also inclined to the opinion that the judge below committed an error in the charge proposed by him on the third issue—that addressed to the question of permanent damage. There seems to have been evidence to be considered by the jury tending to show permanent damage. This intimation of His Honor was very likely an inadvertence, and intended by him for the fourth issue—that as to the statute of limitations.

Very certain it is, however, that the judgment of nonsuit should not be disturbed; for though it should be established and declared by a verdict that permanent damage has been done to the plaintiff's estate and interest, it is perfectly clear, both from the allegations of the plaintiff and the uncontroverted facts, that the plaintiff's cause of action is barred by the three-year statute of limitations. The statute being properly pleaded, the error as to permanent damage, if any was committed to the plaintiff's prejudice, was harmless and no good would result by awarding a new trial.

In 2 Am. & Eng. Enc. Pl. & Pr., 499, we find it stated that

"appellate courts deal with judicial acts and it would not avail to reverse a ruling or judgment correct on the record, though it may be founded on an erroneous reason." And again, in the same volume, at page 500: "This system of appeals is founded on public policy and appellate courts will not encourage litigation by reversing judgments for technical, formal or other objections which the record shows could not have prejudiced the appellant's rights." The decided cases in this and other jurisdictions support this position. In *Butts v. Screws,* 95 N. C., 215, *Ashe, J.,* for the court, says: "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." See also *Ratliff v. Huntly,* 27 N. C., 545; *Fry v. Bank,* 75 Ala., 473. The opinion also finds support in the case of *Shackleford v. Staton,* 117 N. C., 73, where, on motion, a cause was dismissed when, the statute being properly pleaded, the facts stated in the complaint showed that the cause of action was barred by the statute of limitations.

According to the allegations of the complaint and the uncontroverted facts, the entire wrong was done in the years 1898 and 1899. The action was instituted on August 24, 1903. The statute of limitations which applied (Revisal, sec. 395, sub-sec. 3,) declares that an action of this character is barred in three years. The plaintiff therefore can in no event recover and any error on the third issue was harmless.

It is urged that chapter 224, Public Laws 1895, established a period of five years as the limitation, and that in *Mullen v. Canal Co.,* 130 N. C., 505, the court applied this statute to actions like the present; but this is a misconception of the opinion referred to. This statute (chap. 224, Laws 1895,) brought forward in the Revisal of 1905 as section 394, which establishes the period of limitation at five years, in express terms applies only to actions against railroad companies, and the courts have no authority to ex-

tend its provisions to actions of a different character. The language of the learned judge who wrote the opinion in *Mullen's case, supra,* is as follows: "While chapter 224, Laws 1895, applies only to railroads, yet as the court has extended the rule of permanent damages to water companies and telegraphs, under the principle laid down in *Ridley v. Railroad,* 118 N. C., 996, we see no reason why it should not apply equally to canals." It will thus be observed that the court here only declared that it would extend the rule of permanent damages to actions against the defendant company according to the principles announced and exploited in *Ridley's case* and as contemplated by the statute in reference to railroads, but did not, and did not intend, to extend the application of the statute or the period of limitation therein established to cases not contained in its provisions. There is no reversible error presented and the judgment of nonsuit is

Affirmed.