PINK CAMPBELL v. RALEIGH AND CHARLESTON RAILROAD COMPANY.

(Filed 23 October, 1912.)

Railroads — Construction—Embankments—Damages—Limitation of Actions—Interpretation of Statutes.

An action against a railroad company for damages caused to plaintiff's lands by an embankment built by the defendant's grantor, a railroad company, which at the time of its erection produced the same physical conditions, necessarily causing the same or substantial injury and interference on plaintiff's lands that have existed since, is barred by the statute of limitations after five years. Revisal, sec. 394, subsec. 2.

CAMPBELL *v.* R. R.

APPEAL by plaintiff from *Peebles, J.,* at April Term, 1912, of ROBESON.

Civil action to recover damages to plaintiff's land, caused by the building of a railroad embankment.

Defendant duly pleaded three and five years statute of limitations. At the close of the testimony, on adverse intimation from the court, the plaintiff submitted to a nonsuit and appealed.

*McNeill & McNeill and Britt & Britt for plaintiff.*

*McLean, Varser & McLean and McIntyre, Lawrence & Proctor for defendant.*

HOKE, J. Our statute, Revisal, sec. 394, subsec. 2, provides as follows: "No suit, action, or proceeding shall be brought or maintained against any railroad company by any person for damages caused by the construction of said road or the repairs thereto, unless such suit, action, or proceeding shall be commenced within five years after the cause of action accrues; and the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the trespass on his property." The summons in this action was first issued on 17 September, 1908, and, on a perusal of the entire testimony, that of plaintiff and others, it clearly appears that the embankment complained of was constructed by the Carolina Northern Railroad Company in 1901, and has been since maintained; that the rights and interests of said company have been duly conveyed to the present defendant, the Raleigh and Charleston Railroad Company. It further appears that the embankment, at the time of its erection, produced the same physical conditions, necessarily causing the same or substantial injury and interference on plaintiff's land that have existed since. Upon the admitted facts, therefore, and in any aspect of the matter, plaintiff's cause of action is barred by the statute of limitations above quoted. *Pickett v. R. R.,* 153 N. C., 150; *Stack v. R. R.,* 139 N. C., 366; *Ridley v. R. R.,* 124 N. C., 34. This being true, and the statute having been properly pleaded, it would serve no good purpose to consider and pass upon the

other questions presented in the record, and the judgment of nonsuit will be affirmed. *Oldham v. Rieger*, 145 N. C., 258; *Cherry v. Canal Co.*, 140 N. C., 422.

Affirmed.