Action to recover damages for the diversion of water.
The defendant denied that it had diverted any water to the injury of the plaintiff, and relied upon the plea of the statute of limitations.
The action was commenced 1 March, 1912, and was tried in September, 1914. Plaintiff introduced the following evidence:
W. P. Clark, plaintiff, testified: That he is the owner of the land described in the complaint, which is the same land described in the deed from John T. Bruce to himself, and that he has been living on said land since 1896. That said land is located about 2 miles from the town of Greenville, and about 1 mile east of the line of the Norfolk Southern Railroad. That said tract of land lies along and is drained through Patrick's Branch. That prior to 1908 his land lying along said branch did overflow slightly during very heavy rains, but that the water would run off quickly. That during 1908 about 17 acres of his land was overflowed and has remained overflowed ever since. That prior to 1908 he always made a good crop on said 17 acres of land, but that since that time he has been unable to make any crops on said piece of land. That prior to 1908 said land was worth $100 per acre, and by reason of the water standing thereon since that time it has been damaged fully *Page 494 
(416) one-half of its value. That said 17 acres of land has been damaged $50 per acre. A great deal more water comes down Patrick's Branch than prior to 1908. Prior to 1908 water would overflow that piece of land, but it would not stand long; now it stands on it all the time.
W. Harvey Allen, a witness for plaintiff, testified: "I am acquainted with the Clark land, and also acquainted with the line of the Norfolk Southern Railroad running from Greenville to Farmville, and I am acquainted with the pocosin through which the railroad runs. Lying about 1 mile west of Clark's line the railroad company cut ditches through a large pocosin which, before the railroad was built, was a flat basin piece of land, and there were several long slashes in there that drained in various courses, and after the railroad company built their railroad there they cut those slashes in little fish holes right down the railroad. Part of it was done at the time they were building the road and part since then. That those slashes or fish holes before the railroad was built emptied into Chinquapin Branch, which emptied into Forbes' mill-pond. After the railroad was built the water from Chinquapin Branch run down the ditches of the Norfolk Southern Railroad and into Patrick's Branch. The second ditches were cut a year or so after the railroad was built. I have been living on the Plank Road, the main road which Mr. Clark's land lies, and I never saw the said road at Patrick's Branch overflow but what a man could go through there dry footed until the Norfolk Southern turned the water down there, and since the railroad turned the water I have been across there at times when it come over my buggy axle, and the land has been so wet that a man could not afford to tend a crop. I think between 15 and 20 acres of cleared land now overflows, and is damaged half or more. The Norfolk Southern Railroad was built six or seven years ago. I cannot say exactly what year it was built."
There was also evidence as to the amount of damages.
At the close of the evidence his Honor said he would charge the jury that the plaintiff could not recover, on the ground that the plaintiff's action was barred by the statute of limitations, and in deference thereto the plaintiff submitted to a judgment of nonsuit and appealed.
The statute of limitations applicable to the plaintiff's cause of action is section 394, subsection 2, of the Revisal, which limits the time within which an action may be brought to five years from the *Page 495 
time the cause of action accrues, and in Duval v. R. R., 161 N.C. 448, the Court, speaking of this section, says: "Construing the section, the Court has several times held that for such an injury recovery must be for the entire wrong, and the cause of action accrues when the first substantial injury is caused by reason of any structure of a (417) railroad of a permanent nature"; and to the same effect areCampbell v. R. R., 159 N.C. 586; Stack v. R. R., 139 N.C. 366; andStaton v. R. R., 147 N.C. 428.
Applying this rule to the evidence, it is clear that his Honor was in error in holding that upon any view of the evidence the plaintiff's cause of action was barred.
The evidence of the plaintiff himself tends to prove that the first substantial injury was in 1908, but if we discard his evidence, the witness, Harvey Allen, who was testifying at September Term, 1914, said that the road was constructed six or seven years ago, and if we accept the longest period, seven years, this would furnish evidence that the road was constructed in September, 1907, which would be less than five years from the commencement of the action, 1 March, 1912.
This witness also testified that after the road was built the defendant cut ditches down the railroad, a part of the ditches being cut at the time the road was built and a part a year or so thereafter, and that these ditches diverted water.
The only other witness who speaks of the time when the road was constructed is T. E. Hooker, who says: "I think the road was built in 1906"; but this would at most only furnish a conflict in the evidence which would have to be settled by the jury.
For the error pointed out a new trial is ordered.
New trial.